

Paul H. Stacker

4425 Thunderbird Street

Eugene, OR 97404

Plaintiff, in Pro Se

PAID

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| PAUL H. STACKER, | Civil No. 2:21-CV-9658-SB-PLAx |
|---|---|
| Plaintiff, | |
| | COMPLAINT FOR DAMAGES |
| vs. | |
| | |
| UNITED STATES OF AMERICA, | JURY TRIAL DEMADED |
| Defendant. | |

Plaintiff, Paul H. Stacker, in his individual capacity (hereinafter "Plaintiff") appearing Pro Se, hereby brings his complaint for money damages against the Defendant: UNTIED STATES OF AMERICA, and alleges:

I.

The Parties:

1. Plaintiff is a resident of the state of Oregon, county of Lane, and currently resides at 4425 Thunderbird Street, Eugene, Oregon. Plaintiff brings this complaint for money damages for personal injuries suffered as a result of negligent and wrongful acts and omissions of the officers, and agents and/or employees of the defendant, UNITED STATES OF AMERICA, employed

by the Federal Bureau of Prisons.

2. Defendant UNITED STATES OF AMERICA operates and controls the Federal Bureau of Prisons (hereinafter "BOP"), which is charged with maintaining custody of sentenced federal prisoners in its many correctional facilities throughout the United States, and whose officers, agents and/or employees,.

II.

Jurisdiction:

3. This action arises from, and this court as jurisdiction of the action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671; et seq. The Plaintiff has been injured by the negligent or wrongful acts, and omissions of the officers, agents or employees of the Defendant UNITED STATES OF AMERICA , acting in the course of their employment.

4. The acts for omissions took place in the state of California. Accordingly, California State law controls this action with respect to liability and damages. 28 U.S.C. §§ 1346(b)(1) and 2674.

5. On or about July 9, 2019, Plaintiff timely filed his prison Administrative Claim for damages with the BOP's Western Regional office in Stockton, California. Dated August 19, 2020, the Western regional Office assigned Tort Claim No. TRT-WXR-2020-06655 Received: August 10, 2020, stating "this agency has up to six months from the date received in which to make a final determination of your claim for damages." Defendant did not respond in that time frame. Accordingly, Plaintiff has exhausted all required administrative remedies, and this action is timely filed.

III.

Venue:

6. Venue is proper in the Central District of California, because Plaintiff was incarcerated in this district. 28 U.S.C. §§ 1402(b) and 1391(e)(3).

IV.

Facts Giving Rise To The Complaint

7. Correctional Officer (CO) Corey Perez did regularly place inmates' towels and other items on the B Dorm, C House floor during the AM watch—even though he had been counseled multiple times by unit staff to desist.

8. CO Perez continued placing dorm inmates' towels that are hanging on bunks per dorm rules onto the floors/walking aisles. On September 12, 2018, sometime between 11pm and 3am, I got up to use the restroom and because of the late hour the lights were out. I was unable to see the debris on the floor and tripped on it, fell and injured my left hand and worse, I reinjured my right shoulder that was still recovering from a rotator cuff tendon reattachment surgery of December 2017.

9. My fall was caused specifically by CO Perez's negligent actions which were deliberate and indifferent to my health and safety.

10. Shortly after my September 12,2018, fall and at the urging of my counselor Mr. Webster and another inmate, I submitted a BP9 grievance, according to the grievance procedures of (CFR) Code of Federal Regulations sent to Warden Felipe Martinez, Marked "SENSITIVE" then sealed and mailed by inmate Miguel Cervantes - Exhibit E. (section 11)

11. Original BP9 addressed to Warden Martinez stated the following: "On 9/12/18, after 3am count, the C.O. had placed towels and hangers on the floors in the aisles. When I went to use the restroom, I slipped on a towel and hurt my hand & both shoulders." See Exhibit 8-1. (SECTION 8) Original Handwritten Draft BP9.

12. This "SENSITIVE" submission served as my first notification of a formal grievance for Administrative Remedy to the September 12, 2018 incident.

13. At the same time of my submission, the inmates of B dorm also submitted grievances pertaining to CO Perez continued misconduct addressed to

warden Martinez and presented in support of claim to CO Perez's negligent actions. - Section11 Exhibit A.1 - A.4

14. See also in continued support to my claim of CO Perez's actions, an incident report (aka "shot") and inmates' affidavit. - Section 11 exhibit B, B1& C

15. Further evidence of C.O. Corey Perez actions: I provide an incident report #3167579 issued by Perez on or about 09/09/2018 and dated and timed by Perez as 09/09/2018 3:05AM : Packet Exhibit 8.2A consisting of:

    A.    Incident report aka "shot" dated 9-9-18

    B.    BP9 "Request for Administrative Remedy" grievance to Shot plus "continued" Page C

    C.    Warden Martinez, response dated 10-22-18, Exhibit8.2C

    D.    BP10 to Regional grievance 2 pages - never submitted but presented in support to Perez, Exhibit 8.2D

16. In my written and verbal defense to this issued incident report, I did inform B. Magana of Perez's action of placing "hanger/towels" in the dorm aisles as also explained same in my submission of a BP9 "Request for Administrative Remedy" to which the then Felipe Martinez, Jr., Complex Warden was also made aware, witnessed to my submission of Perez: Towel Infractions as Delineated in case # 956035-F1, and "(continued)" page as part of grievance submission, Exhibit 8.2B. In addition to hearing, A D. Escalante was claimed to have witnessed my trial via phone connect and to my comment on towel placement.

17. I concluded that I sufficiently did notify staff and did make staff aware, previous to my fall, of Perez's indifference to the health and safety of the dorm houses.

18. My BP9 grievance that reported my fall and the actions of a correctional officer, submitted on September 12, 2018, addressed to the warden, was never adduced.

19. Subsequently to B dorm inmates BP9 requests for CO Cortez to cease these infractions the "captain" held a "house" meeting to present a resolution to CO Perez's actions toward towel and clothing placement. The matter was then considered closed by the "captain".

20. Dated October 29, 2018, I resubmitted a 2nd BP9 safety and health grievance, Exhibit 8.4. BP9 received by legal January 28, 2019and stating response due March 9, 2019, an administrative receipt dated February 5, 2019, was received by me via inmate mail Feb 7, 2019, Exhibit 8.5. Also received was2nd Admin Receipt dated Feb 5, 2019 and informing me of an extension of time for response, now dating March 9, 2019. Exhibit 8.6.

21. The response from Warden Martinez, dated 2/15/19 and received by me on 2/22/19, Exhibit 8.7,  on my second BP9 submittal, failed/ignored the safety issue involving CO Perez's actions and therefore a BP10 was sent dated March 4 2019 for regional review, Exhibit 8.8 and continuation page, Exhibit 8.8A.The Regional response here and dated 6/7/19; Exhibit 8.8B.

22. Upon examination of left swollen hand on September 12, 2018, a Mr. Wong issued a Medical Duty Status, aka "Chrono", for continued lower bunk designation—where I was presently residing and assigned on intake as "Care Level 2"—for a possible sprain and listed no repetitive use of hand(s). This Chrono was good for approximately 14 days, Exhibit 8.9.I was further instructed to place ice on swelling but when I asked for something to put the ice in, my request was rejected. Further, I was not allowed ice from the TV room due to Paisa/Southsider denial of access.

23. Between September 12, 2018, and January 24, 2019, I went to sick call six or more times seeking medical care and requesting updated Chrono for my serious medical conditions, the direct result of my fall. During this time span, my current Chrono expired. (Note: Some of my recorded sick-call requests are missing from my BEMR records. PS6031.04 states all medical encounters must be

entered into BEMR.) On or about 9/25/18, I requested counselor Webster place me on "medical IDEL" - See copout 8.10. Approved and change made. Was later, on or about 9/26/19, rescinded and duty status changed back to RECAM by the CO Chapman.

24. On or about 9/17/2018, another lower bunk Chrono request: reported shoulder pain to Teala Hugo. Request was denied - see Chrono 9/17/18 Exhibit 8.11. On 9/18/18 Reported sick call hand pain (see BEMR date 9/18/18) Prescribed Tylenol which was then taken away still containing $\approx$ 10 refills, Exhibit 8.28 (2 pages).

25. From a Call-out dated 10/10/2018, I was designated to an upper bunk C02-002U, to which I moved on 10/11/2018. As posted on the C-Floor bulletin board, Accessing the Upper Bunk, (see Exhibit 8.12), there was no way I could comply with my hurt hand and shoulder without further harm and extreme difficulty. I had to use a chair and the center partition wall in order to climb in the bunk for sleep, and in my mind endangering my health and safety again with a possible fall.

26. On or about October 9, 2018, I had to request a medical procedure, x-ray, and MRI, to determine the source of pain in my right shoulder (see my records recorded sick call) received by PA Teala Hugo;. X-rays were eventually completed on or about November 21, 2018. A consultation request, submitted by Dr. Dhaliwal was approved for an outside orthopedist. On May 31, 2019, eight months after my fall, I was seen by an Orthopedist, Dr. Cortese, who confirmed my suspicion that my right rotator cuff was torn yet again. I was still experiencing pain and lack of ROM.

27. Dr. Cortese had then ordered an MRI with contrast to confirm the extent of damage for surgical repair. I note here that commented to me by Dr. Cortese was that another surgery would unlikely be successful, but wait for MRI results to

confirm, and that I now suffer muscle atrophy in my right arm. To this date I had not been offered nor have I received any physical therapy.

28. In Regional's response to my BP10 submission, it was stated "[your] outside medical records were requested and have been scanned into your Bureau Electronic Medical Record". Let my outside incoming submitted medical records show that I was released by my surgeon and my physical therapist having full range of motion (ROM) with little or no pain and able to perform weight lifting, resistance band exercises, etc. and having good solid muscle tone. Surgeon also gave orders to enter prison with exercise bands to continue physical therapy on my own, which were not allowed upon my intake and were confiscated—See exhibit 8.13. See also Affidavit from Mrs. Christine Stacker confirming I delivered post operative instructions to use exercise elastic bands to continue physical therapy. Section 11, Exhibit D.

29. A letter, dated February 9, 2018, sent to Grand Prairie Office by District Judge Ann Aikens containing information briefly outlining major medical conditions, which made the BOP aware of my medical needs, well before my August 15, 2015 surrender date. See Exhibit 8.19.

30. Letter submitted to the medical administration, from the law office of Terri Wood, P.C., describing "Urgent Medical Information concerning Mr. Stacker", further indicating my ongoing "multiple chronic conditions". See Exhibit 8.17 (3 pages). Please note: on page 3 of the Terri Wood's letter to Lompoc Medical Administration, includes reference to Judge Aiken requesting "Lompoc provide her and the U.S. Probation Officer Ashley Wong with a written status report on Mr. Stacker's course of treatment and medical condition every six months". This request by Judge Ann Aiken was never honored.

31. On or about October 12, 2018, while in 'C' House (C02-002L) counselor Webster assigned me to an upper bunk (C02-002U) when my medically assigned duty "Chrono" period expired--after medical ignored multiple requests for lower

'Chrono' extension; and previously denied requests. See Section 8, "Accessing the Upper Bunk", Exhibit 8.12. See Exhibit 8.11, "comments: Change Care Level 2. I/M does not qualify for bottom bunk after reviewing his records. 9/17/2018".

32. The upper bunk move stressed my hand and right arm further and subjected me to a dangerous situation for a fall. (With that fear, on or about 5/9/2019, I again requested Chrono and a Baker PA issued a temporary lower bunk pending further investigation into right shoulder pain.) See Medical Duty Status, Exhibit 8.14.

33. On or about January 22, 2019, counselor Diaz did force me to move from the K dorm back to the B dorm. An inmate who was there to assist me, was threatened with 'out-of-bounds' incident report from the floor K dorm CO, even though I had made CO Diaz and Floor CO aware that I had a Chrono for shoulder problems which would prevent me from lifting heavy objects without assistance. With the threat of an incident report or another SHU offence and out of panic to this, I proceeded to do as ordered to make a timely move, and as a result, caused damage to myself as evidenced by my left hand swelling again and increased right shoulder pain.

34. After notifying C. Hiatt on or about January 23, 2019, I provided a cop-out on hand swelling and attempted a Wednesday sick call; I was denied medical exam/care. See Exhibit 8.15.

35. On or about January 24, 2019, I reported to AM sick call (Exhibit 8.16) explained my pain, asked for pain medication and hand examination. With some hand swelling at this time, medical V. Balogun indicated that I would be placed on a 'call-out' from this visit. I never received a call-out. See cop-out recording sick call denial service for chronological dates and circumstances. Exhibit 8.18.

36. CFR Grievance Compliance

37. Final "Central Office Administration Remedy Appeal" was submitted twice. Second submission was sent on or about 8/26/2019. See Exhibit 8.21

Certified Mailing Receipt.  On or about December 25, 2019, I sent a certified letter to Central having not received an Administrative Response.  See Exhibit 8.22 and Exhibit 8.23 and bottom of Exhibit 8.21.  Packet contained all information up through Regional.  See Exhibit 8.24 Table of Contents and BP11 form and data.  Also note my tracking of grievance dates, provided here.  See Exhibit 8.25.

38. I had contacted staff, Ms. C. Hiatt, several times as to no response from Central Administration.  Exhibit 8.26

39. On or about 10/10/2019, I placed a Cop-Out for further information.  Central did not respond to inquiries and my Cop-Out was returned with the result and that I send a letter to Central.  See Exhibit 8.26A.  See also Central Office Administration Remedy Appeal.  See Exhibit 8.27 and 8.27A.  To the best of my abilities, I completed the CFR Grievance Process.

40. COMPLAINT

41. The basis of claim is a summary of the events that occurred between September 2018 and July 2020.  Under the 8th amendment, Estelle v. Gamble, I have a right to be free from these conditions which placed my health, in all aspects, at greater risk than the normal residence of daily prison life.  CO Perez's continued deliberate act of placing foreign objects onto the ground during the night, even after being told not to, created an unnecessary risk which resulted in my falling and injuring my left hand and damaging my recovering surgery to right shoulder.

42. The lack of medical care by Dr. Dhaliwal and his denial of lower bunk status contributed significantly to my continued pain and suffering and the now lifetime permanent physical limitations that resulted from these avoidable injuries.

43. This has had both physical and psychological ongoing negative impact on the quality of my daily life and has left me in constant physical pain and suffering of which I did not have before entrance into the Lompoc facility.

44. On or about July 15, 202, I was granted Compassionate Release due to medical reasons.

45. After acquiring medical coverage, my Primary Care Physician ordered physical therapy for my torn right rotator cuff. The physical therapist determined that my torn rotator cuff would never regain full range of motion and most likely continue to cause pain.

46. Because of the damage to my shoulder, arthritis will set in more quickly than it otherwise would have. If it becomes severe, which is likely, operations may need to be performed to remove arthritis from the affected bones, followed by a painful recovery.

## V.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT
## UNITED STATES OF AMIRICA
(Negligent or Wrongful Act or Omission)

(Failure to Provide Inmate with Medication in a Timely, As Needed Manner)

47. Plaintiff hereby incorporates by reference paragraphs 7 through 46, above, as set forth in full.

## VIII.

## DAMAGES

48. As a direct and proximate result of the aforesaid negligent or wrongful acts or omissions by Defendant, Plaintiff was hurt and injured in his health, strength and activity, sustaining injury to his person, all of which has caused and continues to cause Plaintive substantial physical pain, suffering and debilitation, as well as severe worry, anxiety and emotional distress, as to the potential future of his injury.

49. As further proximate result of the aforesaid negligent or wrongful acts or omissions by Defendant, Plaintiff has been damaged, and that he will incur medical and related expenses in the future.

50. As further proximate result of aforesaid negligent or wrongful acts or omissions by Defendant, Plaintive has been damaged, in that Plaintiff will be

unable to work due to total work disability due to injury, because of his physical injury as a result of his torn rotator cuff.

## IX.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

## X.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff prays judgment against the Defendant UNITED STATES OF AMERICA, as follows

1. For general damages according to proof;
2. For total money damages in the amount of $1,200,000.00;
3. For cost of suit incurred herein;
4. For interest, as allowed by law; and
5. For such other and further relief as the Court may deem proper.

I, Paul H. Stacker, pursuant to 28 U.S.C. § 1746, hereby declare that the foregoing is true and correct to the best of my knowledge.

Dated: September     , 2021

_____
Paul H. Stacker
IN PRO SE

## CERTIFICATE OF SERVICE

I, Paul H. Stacker, hereby certify that I have served a true and correct copy of the following:

COMPLAINT FOR DAMAGES .

To the following listed parties/persons by placing complete copies of the above described materials, in a sealed envelope affixed with the appropriate prepaid United States postage to:

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

312 NORTH SPRING STREET, G-8

LOS ANGELES, CALIFORNIA 90012

On this the 10th day of December, 2021.

Pursuant to Title 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Paul H. Stacker

# SECTION 8 EXHIBITS

EXHIBIT 8.3

8-3

FCC 1330.17b
June 4, 2013
Attachment 1

BP 8 — used for BP9

**INFORMAL RESOLUTION**                    DATE: _____12-20-2018_____

INFORMAL RESOLUTION INSTRUCTIONS:   STAFF MUST COMPLETE AND ATTACH THE
ORIGINAL OF THIS FORM TO EACH BP-9, WHEN THE COMPLAINT CANNOT BE INFORMALLY
RESOLVED.   THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT
THOSE APPEALING UDC/IDC ACTIONS.   INFORMAL RESOLUTION FORMS WILL NEVER BE
GIVEN TO THE INMATE TO COMPLETE.

NAME: _Stacker, Paul_        REG. NO.: _77068-065_        UNIT: _B_

DATE BP-9 REQUESTED: ___1-16-19___

DATE BP-9 ISSUED   : ___1-16-19___

DATE BP-9 RETURNED : ___1-16-19___

I. INMATE COMPLAINT:
WITH SOME LENGTHILY EFFORT, I ~~WAS~~ FINALLY RECEIVED AN X-RAY OF MY
LEFT HAND. NO DIAGNOSIS HAS BEEN RECEIVED AND AS OF 10/25/18 THE LEFT
HAND STILL HURTS
SEVERAL FAILED ATTEMPTS TO HAVE AN X-RAY/MRI FOR MY HURTING
SHOULDER(S) VIA SICK CALL, TO FURTHER COMPLICATE MATTERS, THIS
INCIDENT HAS FORCED ME TO HAVE TO LEAVE MY PAYING JOB, AND THUS
MY MEANS FOR PURCHASING MEDICAL SUPPLIES, WHICH THE DOCTOR
HAS RECENTLY DENIED. EVEN WITH 10 REFILLS REMAINING, I HAVE
BEEN FORCED TO WORK, AND MORE RECENTLY MOVED TO AN UPPER BUNK
CAUSING STRESS TO MY RUTATOR CUFF(S) RECENT SURGERY, THE CONTINUED
PAIN FROM MY SHOULDERS AND NECK, ARE NOW CAUSING SEVERE MIGRAINES
THAT WERE UNDER CONTROL WHEN I ARRIVED AT LOMPOC FACILITY,
MEDICATION FOR THESE MIGRAINES HAVE BEEN GIVEN BUT I FIND
THEM INSUFFICIENT IN TOTAL DAILY/MONTHLY CONTROL.

RELIEF REQUESTED:

EXHIBIT B.3

B-3

FCC 1330.17b
June 4, 2013
Attachment 1

BP8 = used for BP9

## INFORMAL RESOLUTION          DATE:    12-20-2018

INFORMAL RESOLUTION INSTRUCTIONS:   STAFF MUST COMPLETE AND ATTACH THE
ORIGINAL OF THIS FORM TO EACH BP-9, WHEN THE COMPLAINT CANNOT BE INFORMALLY
RESOLVED.   THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT
THOSE APPEALING UDC/IDC ACTIONS.   INFORMAL RESOLUTION FORMS WILL NEVER BE
GIVEN TO THE INMATE TO COMPLETE.

NAME:  Stacker, Paul            REG. NO.:  77068-065            UNIT:  B

DATE BP-9 REQUESTED:    1-16-19

DATE BP-9 ISSUED  :    1-16-19

DATE BP-9 RETURNED :    1-16-19

I. INMATE COMPLAINT:

WITH SOME LENGTHILY EFFORT, I ~~WAS~~ FINALLY RECEIVED AN X-RAY OF MY LEFT HAND. NO DIAGNOSIS HAS BEEN RECEIVED AND AS OF 10/25/18 THE LEFT HAND STILL HURTS

SEVERAL FAILED ATTEMPTS TO HAVE AN X-RAY/MRI FOR MY HURTING SHOULDER(S) VIA SICK CALL, TO FURTHER COMPLICATE MATTERS, THIS INCIDENT HAS FORCED ME TO HAVE TO LEAVE MY PAYING JOB, AND THUS MY MEANS FOR PURCHASING MEDICAL SUPPLIES, WHICH THE DOCTOR HAS RECENTLY DENIED. EVEN WITH 10 REFILLS REMAINING. I HAVE BEEN FORCED TO WORK, AND MORE RECENTLY MOVED TO AN UPPER BUNK CAUSING STRESS TO MY RUTATOR CUFF(S) RECENT SURGERY, THE CONTINUED PAIN FROM MY SHOULDERS AND NECK, ARE NOW CAUSING SEVERE MIGRAINES THAT WERE UNDER CONTROL WHEN I ARRIVED AT LOMPOC FACILITY, MEDICATION FOR THESE MIGRAINES HAVE BEEN GIVEN BUT I FIND THEM INSUFFICIENT IN TOTAL DAILY/MONTHLY CONTROL.

RELIEF REQUESTED:

CIS
TYPE UP
OR JUST
COPY. YOU DECIDE

PACKET EXHIBIT 8-3 A-D

# DIVIDER  EXHIBITS FOR SHOT

CONTENTS: FROM PG2    ✴ MY SHOT - TAKE NOTE SAME NIGHT MARLIN GOT HIS SHOT

: 8-? A SHOT DATED 9-9-18

: 8-? B BP-9 GRIEVANCE TO SHOT + CONTINUATION PAGE DATED 9/28/18

: 8-? C WARDEN MARTINEZ - RESPONSE DATED 10-22-18

: 8-? D BP 10 TO REGIONAL NEVER SENT 2 pgs - SUPPORT DOC TO PIXLE TOWEL INCIDENT R FOR NOTES TO TORY.


VERIFIES STAFF WAS NOTIFIED OF TOWEL ISSUE BEFORE MY FALL

THE FALL

ORI

EXHIBIT ONE E

9/12/18   FORM BP-229(13) BP-S (BP-9)

FORM BP-S148.55 (BP-9)

"INMATE REQUEST TO STAFF"

"REQUEST FOR ADMINISTRATIVE REMEDY"

SENT

THE C.O. HAD PLACED

ON 9/12/18 AFTER 3AM COUNT, THERE WERE TOWELS AND HANGERS

ON THE FLOORS IN THE ESLES, WHEN I WENT TO USE THE RESTROOM, I SLIPPED

ON A TOWEL AND, FELL AND HURT MY HAND (& BOTH SHOULDERS)

SENT

marked Sensitive

BP-A0288
JAN 17
**U.S. DEPARTMENT OF JUSTICE**

**INCIDENT REPORT**

INCIDENT # 3167579

**FEDERAL BUREAU OF PRISONS**

### Part I - Incident Report

| 1. Institution: FCC Lompoc LOW | | Incident Report Number: | |
|---|---|---|---|
| 2. Inmate's Name: STACKER, Paul | 3. Register Number: 77068-065 | 4. Date of Incident: 09/09/2018 | 5. Time: 3:05 am |
| 6. Place of Incident: B-Dorm / C-House | 7. Assignment: A&O | | 8. Unit: B |
| 9. Incident: Interfering with count | 10. Prohibited Act Code(s) 321 | | |

11. Description of Incident (Date: 09/09/2018   Time: 3:05 a.m. Staff became aware of incident):

On Sunday 09/09/2018 at 3:05 am, while conducting the 3:00 am count, Inmate STACKER #77068-065 decided to go to the bathroom while I was in the middle of counting C-House. When I made contact with STACKER in the bathroom, I asked STACKER what he was doing, he stated "he thought we were done, and both officers had already left the housing unit". I was one of the two officers counting the unit, therefore we both had not left C-House yet, and count was still in progress when STACKER decided to leave and use the restroom. I advised STACKER he needs to remain in the unit until count is completed, and needs to be sure before leaving his unit for the restroom. I acquired his ID and finished my count of B-Dorm.

| 12. Typed Name/Signature of Reporting Employee: C.Perez   / | COREY PEREZ Digitally signed by COREY PEREZ DN: c=US, o=U.S. Government, ou=Dept of Justice, ou=BOP, cn=COREY PEREZ, 0.9.2342.19200300.100.1.1=15001003237020 Date: 2018.09.09 04:01:59 -07'00' | 13. Date And Time: 09/09/2018  3:55 am |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By (Type Name/Signature): W. She | 15. Date Incident Report Delivered: 9-9-18 | 16. Time Incident Report Delivered: 0505 AM |

### Part II - Committee Action

17. Comments of Inmate to Committee Regarding Above Incident:

*I did go to the bathroom at 3:12 Am. I saw a staff member during that time. I did not ask the staff member for permission to go to the bathroom. I did not get permission from any staff member to go to the bathroom.*

18. A. It is the finding of the committee that you:

✓ Committed the Prohibited Act as charged.
___ Did not Commit a Prohibited Act.
___ Committed Prohibited Act Code(s). ___ ___

B. ___ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. ✓ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

*Based on reporting staff, sect 11, I/m was found in the bathroom area during an official count, 3:00 Am Count. I/m statement to IDC "No comment." I/m statement to udc I did go to the bathroom at 3:12 Am, I saw a staff member during that time. I did not get permission from any staff member to go to the bathroom.*

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

*30 days Loss of Commissary*
*30 days Loss of Telephone*

21. Date and Time of Action 9-10-18 @ 1120 Am (The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

B. Magana / _____   D. Escalante   _____
Chairman (Typed Name/Signature)   Member (Typed Name)   Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO; COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

| WD | Prescribed by P5270 | Replaces BP-A0288 of AUG 11 |
|---|---|---|
| **Part III - Investigation** | | 22. Date And Time Investigation Began |

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

9/27/18    1146 Am

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: STACKER, PAUL, H.          77068-065    CO2-002L    FCC Lompoc
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST**

- I AM RESPONDING TO A INCIDENT REPORT WRITTEN AGAINST ME ON 09/09/2018 AND THE SUBSEQUENT GUILTY VERDICT RECIEVED ON 9/10/2018. - I AM CONTESTING THIS VERDICT, IT IS MY BELIEF THAT AN INMATE COUNT WAS COMPLETED AND THE OFFICER PEREZ DID FURTHER CONDUCT A HANGER/TOWEL LOCATION INFRACTION CHECK IN THE ENTIRE C-HOUSE. I CONCLUDE THIS BASED ON MY OBSERVATION OF ALL DAY AND NIGHT INMATE COUNT CHECKS BY ALL OTHER GUARDS, OVER A 10 DAY PERIOD. ROUTINE WITH ALL COUNT CHECKS, HAS BEEN 2 GUARDS COME INTO HOUSE, SPLIT OFF DOWN THE ISLES, ARIVE BACK AT ENTRANCE/EXIT DOOR, VARIFY CORRECT COUNT, AND THEN LEAVE. AVERAGE COUNT TIME DAY/NIGHT 60/70 SEC. OFFICER PEREZ TOOK OVER 12 MINUTIES. DURING MY HEARING, I WAS TOLD THAT I WAS IN VIOLATION OF A HANDBOOK CODE. HOWEVER, THE HANDBOOK I RECEIVED ON INTAKE WAS WRITTEN IN SPANISH. I DO NOT READ SPANISH. I ATTEMPTED TO AQUIRE A ENGLISH VERSION, BUT COUNSELORS OFFICE HAD NONE. AFTER MY HEARING AND GUILTY VERDICT, I ASKED MR. B. MAGANA FOR A ENGLISH VERSION, MR B. MAGANA SAID THEY STILL HAD NO ENGLISH MANUALS, HOW AM/WAS I TO KNOW THE RULES WITH OUT A MANUAL.    (CONTINUED ATTACHED)

09/28/2018
      DATE                          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
OCT 09 2018
BY: Lo+ legal

_____                    _____
      DATE                          WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**          CASE NUMBER: 956035-F1

                                        CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____    _____    _____    _____
            LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____                    _____
      DATE                          RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN          PRINTED ON RECYCLED PAPER          BP–229(13)
                                                    APRIL 1982

CASE # 956035-R1

MR RIVERA

REQUEST FOR ADMINISTRATIVE REMEDY (CONTINUED)

INCIDENT REPORT, LINE #19, SAYS: MR B. MAGANA STATES, "3:12, I SAW A STAFF MEMBER DURING THAT TIME." CORRECTION - I STATED THAT I SAW A STAFF MEMBER IN THE HALL OUTSIDE G-HOUSE, STAFF MEMBER THOUGHT MR PEREZ HAD LEFT, WE THEN LOCKED THE SIDE HALL EXIT AS HE LEFT IN SEARCH OR MR PEREZ. LINE #19, ALSO STATES, "I DID NOT GET PERMISSION FROM ANY STAFF MEMBER TO GO TO THE BATHROOM." UPON REVIEW OF HANDBOOK, I FIND NO REFERENCE TO ANY INMATE HAVING TO ASK FOR PERMISSION FOR BATHROOM FACILITIES. STAFF MEMBER LEFT THE AREA BEFORE USING FACILITIES. AFTER WAITING ONE (1) MINUTE, MY BATHROOM ENTRY WAS 3:14.

- A.D. ESCALANTE WAS SUPPOSLY ON CONFERENCE PHONE LINE, CLAIMED B. MAGANA. HOWEVER, WHO EVER WAS/OR WAS NOT ON PHONE LINE, AT NO TIME DURING HEARING IDENTIFIED THEMSELF(S) VERBALLY.

LINE #21: SHOWS CHAIRMANS (TYPED NAME/SIGNATURE) NO TYPED SIGNATURE APPEARS AS PER INSTRUCTIONS.

IT IS MY CONCLUSION THAT, UNDER THE GUISE OF A ONE OR TWO MINUTE INMATE COUNT, MR COREY PEREZ DID CONDUCT SOME SORT OF HANGER/TOWEL POSITION INFRACTION CHECK, WHICH TOOK OVER 10 MINUTES AND DID NOT ADHEAR TO FORMAL INMATE COUNT.

I THEREFORE WAS IN THE RIGHT TO RELIEVE MY SELF, AFTER ASSUMED LAST OFFICER LEFT.

TOTAL TIME DURING COUNT WAS 15 (FIFTEEN MINUTES)

09/28/2018
DATE

_Signature_
SIGNATURE OF REQUESTER

LOF - 956035-F1
Part B - Response


This is in response to your Request for Administrative Remedy, received on October 9, 2018, wherein you appeal incident report number 3167579, charging you with code 321, Interfering with Count.

A review of this matter reveals the following. On September 9, 2018, you were issued incident report number 3167579, charging you with Interfering with Count. The Unit Discipline Committee (UDC) hearing was conducted on September 10, 2018. Based on the written account by the reporting staff member indicating you went to the bathroom during the 3:00 a.m. count, as well as your own admission to the UDC, you went to the bathroom at 3:12 a.m. and did not have permission to go to the bathroom, the UDC found sufficient evidence to support the finding that you committed the prohibited act of Interfering with Count. The Inmate Admission and Orientation handbook notes, "Each institution will conduct, at a minimum, five official inmate counts during every 24-hour period. On weekends and holidays, an additional count will be conducted at 10:00 a.m. The inmate is expected to be standing at bedside during official counts held at 4:00 p.m. and 10:00 p.m., on weekdays and 10:00 a.m., 4:00 p.m., and 10:00 p.m. on weekends and holidays, and during any emergency count. Institutions with secure cell space are required to lock the inmates in their cells for all official counts, unless the inmates are on out-counts in areas such as Food Service, Health Services, Visiting, etc. Disciplinary action will also be taken against inmates for leaving an assigned area before the count is clear. The inmate must actually be seen at all counts, even if the inmate must be awakened." On August 15, 2018, you signed your intake screening form indicating you received a copy of the Admissions and Orientation handbook. Handbooks are available in English and Spanish.

Accordingly, your Request for Administrative Remedy is denied. If you are not satisfied with this reply, you may submit an appeal on the appropriate form (BP-10) to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7338 Shoreline Drive, Stockton, CA, 95219, within 20 calendar days of the date of this response.


_____          10/22/18
Felipe Martinez, Jr., Complex Warden      Date

TO: REGIONAL DIRECTOR, WESTERN REGIONAL OFFICE                    PG-1 of 2
    FEDERAL BUREAU OF PRISONS
    7338 SHORELINE DRIVE
    STOCKTON, CA 95219

THIS WAS NEVER SENT TO REGIONAL AS BP10 - USE IN SUPPORT OF TORT "THE FALL"

THIS IS MY RESPONSE TO THE OUTCOME OF MY REQUEST FOR ADMINISTRATIVE REMEDY CASE# 956035-F1 RECEIVED OCTOBER 23, 2018, WHERE I SET IN MOTION AN APPEAL TO INCIDENT REPORT NUMBER 3167579.

IN REVIEW OF PART B - RESPONSE, I FIND FAULTY REASONING TO THIS RESPONSE, BASED ON THE PRESENTATION I PROVIDED ON FORM BP-229(13) ANA, A BP-DIR-9. THE PART B RESPONSE INCLUDES A PASSAGE FROM THE ADMISSION AND ORIENTATION HANDBOOK QUOTING COUNTS BEING MADE, ETC. YOU THEN STATED THAT I SIGNED AN INTAKE SCREENING FORM INDICATING YOU(I) RECEIVED A COPY OF SAID HANDBOOK. YOU FURTHER INDICATED THAT HANDBOOKS ARE AVAILABLE IN ENGLISH AND SPANISH. YES, I DID SIGN FOR A HANDBOOK AT INTAKE, BUT UPON REVIEW AT ASSIGNED B DORM LOCATION, I FOUND THAT I WAS GIVEN (C-HOUSE) A SPANISH VERSION. IT VERY WELL MAY BE THAT THERE ARE COPIES IN BOTH LANGUAGES GIVEN AT INTAKE BUT, AS I PREVIOUSLY STATED, I WAS GIVEN A SPANISH WRITTEN VERSION. AND FURTHER, AS I POINTED OUT, NO ENGLISH COPIES WERE MADE AVAILABLE AT THE REQUEST TO MY ASSIGNED COUNSELOR AND AGAIN NO COPIES WERE TO BE HAD DIRECTLY AFTER MY HEARING OF SEPTEMBER 10TH 2018. IT WAS ONLY AFTER THIS HEARING AND UPON MY INSISTENCE TO B. MAGANA, DID A COPY BE PROVIDED TO ME (STILL WARM FROM COPY) HOURS LATER AT MY ASSIGNED BUNK LOCATION.

WHEN YOU RESPOND TO BP-10, PLEASE PROVIDE ME WITH THE EXACT PROCEEDURE THAT A 'COUNT GUARD' USES TO CONDUCT A 'COUNT'. I NOTE HERE TO MY BP-9 APPEAL THAT THIS GUARD DEVIATED FROM COUNT PROCEEDURES AS/WHEN COMPARED TO ALL OTHER GUARDS, DAY OR NIGHT, TIME AND ACTION OF A COUNT OBSERVATION.

I ALSO CONTEND THAT "ASKING FOR PERMISSION", OF THE GUARD, WOULD IMPLY TWO THINGS, ONE: THAT BY MERELY "ASKING", WOULD BE INTERFERENCE OF A COUNT. AND, TWO: THAT I WOULD HAVE BEN AWAY FROM MY ASSIGNED BUNK LOCATION AND THUS IN VIOLATION OF YOUR QUOTED HANDBOOK DIRECTIONS AS OUT

END  8.2  EXHIBITS

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

2ND BP9

**REQUEST FOR ADMINISTRATIVE REMEDY**

EXHIBIT 8-4

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: STACKER, PAUL, H.          7706B-065      CO2-005u      FCC LOMPOC
      LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A– INMATE REQUEST**

THIS IS A REPEAT REQUEST TO A BP-9 THAT WAS SUBMITED BY ME, PAUL STACKER ON SEPTEMBER 12, 2018. MARKED SENSITIVE AND I HAVE NOT RECEIVED A RECEIPT - ADMINISTRATIVE REMEDY, THEREFORE, THIS IS A RESUBMISSION YES A SERIOUS SITUATION. THE ORIGINAL BP-9 READ AS FOLLOWS:

"ON 9/12/18, AFTER A 3AM COUNT, THE COUNT GUARD PLACED TOWELS AND HANGERS ON THE FLOORS IN THE ISLES. WHEN I WENT TO USE THE RESTROOM, I SLIPPED ON A TOWEL/HANGER AND HURT MY HAND AND SHOULDER. THIS WAS REPORTED TO COUNSELOR AND AT MEDICAL SICK CALL

SEE ATTACHED —

10/29/2018
   DATE

          SIGNATURE OF REQUESTER

**Part B– RESPONSE**

SUBMITTED TO HIATT ON 12/20/18

I TOOK THIS LONG 828
HIATT NOTES WHY

**RECEIVED**
**JAN 28 2019**
BY: LOX legal
8m

      DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: 966769-F1

                              CASE NUMBER: _____

**Part C– RECEIPT**

Return to: STACKER, PAUL, H.          7706B-065      CO2-0054      FCC LOMPOC
        LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

      DATE                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

PRINTED ON RECYCLED PAPER

BP-229(13)
APRIL 1982

USP LVN

ATTACHMENT
BP-9
10/29/2018  + REC'd JAN 28 2019

PAGE 1 of 2

CONTINUED –

WITH SOME LENGTHILY EFFORT, I ~~CAN~~ FINALLY RECEIVED AN X-RAY OF MY LEFT HAND. NO DIAGNOSIS HAS BEEN RECEIVED AND AS OF 10/25/18 THE LEFT HAND STILL HURTS

SEVERAL FAILED ATTEMPTS TO HAVE AN X-RAY/MRI FOR MY HURTING SHOULDER(S) VIA SICK CALL. TO FURTHER COMPLICATE MATTERS, THIS INCIDENT HAS FORCED ME TO HAVE TO LEAVE MY PAYING JOB, AND THUS MY MEANS FOR PURCHASING MEDICAL SUPPLIES, WHICH THE DOCTOR HAS RECENTLY DENIED EVEN WITH 10 REFILLS REMAINING. I HAVE BEEN FORCED TO WORK, AND MORE RECENTLY MOVED TO AN UPPER BUNK CAUSING STRESS TO MY ROTATOR CUFF(S) RECENT SURGERY. THE CONTINUED PAIN FROM MY SHOULDERS AND NECK, ARE NOW CAUSING SEVERE MIGRAINES THAT WERE UNDER CONTROL WHEN I ARRIVED AT LOMPOC FACILITY. MEDICATION FOR THESE MIGRAINES HAVE BEEN GIVEN BUT I FIND THEM INSUFFICIENT IN TOTAL DAILY/MONTHLY CONTROL.

– BESIDES FURTHER INVESTIGATION OF MY CONTINUED PAIN, I AM ASKING FOR A PRESCRIPTION CHANGE OF THE DRUG SUMATRIPTAN 100 MG AND 18 TABS BE CHANGED TO 50MG AND 40 TABS, SUFFICIENT FOR MONTHLY MIGRAINE CONTROL.

– I AM REQUESTING FOR MY MEDICAL STATUS BE CHANGED TO 'MEDICAL IDLE' UNTIL MY MEDICAL CONDITIONS ARE FULLY ADDRESSED AND REMEDY BE MADE TO RESOLVE MY PAIN ISSUES.

– I AM REQUESTING FOR A LOWER-LOWER CHRONO TO ALLOW ME 'OPTION' FOR A LOWER BUNK MEDICAL STATUS IN THE B DORM, C-HOUSE WHERE I NOW RESIDE.

– I AM REQUESTING THAT MY CONTINUED STOMACH/PANCREATITIS PAIN BE ADDRESSED.

– I AM REQUESTING THAT AN INVESTIGATION BE HELD INTO THE REASON FOR MY FALL AND HOW THIS CAN BE PREVENTED IN THE FUTURE.

ATTACHMENT
BP-9
10/ /2018

PAGE 2 of 2

— BECAUSE MY PRE-EXISTING MEDICAL RECORDS WERE IGNORED, I SUBMIT, HEREIN ATTACHED, A MEDICAL SUMMARY ON MY MOST CURRENT STATUS PROVIDED BY MY LAWYER, REF: PAUL HOWARD STACKER # 77068-065 UNITED STATES V. STACKER, 6:17-CA-00007-AA.

10/24/2018
DATE

Paul H Stacker
SIGNATURE OF REQUESTER

BP-9 RECEIPT
REC'd 2/7/19

THE FACE

EXHIBIT 8.5

RECEIPT - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 5, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      LOMPOC FCI

TO  : PAUL HOWARD STACKER, 77068-065
      LOMPOC FCI    UNT: B    QTR: C04-001L

THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 966769-F1
DATE RECEIVED  : JANUARY 28, 2019
RESPONSE DUE   : MARCH 9, 2019
SUBJECT 1      : MEDICAL TREATMENT
SUBJECT 2      : PRESCRIPTIONS, MEDICATION

EXHIBIT 8.6

Rec'd 2/7/19 Extension of Time

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY

DATE: FEBRUARY 5, 2019

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      LOMPOC FCI

TO  : PAUL HOWARD STACKER, 77068-065
      LOMPOC FCI    UNT: B    QTR: C04-001L

ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 966769-F1
DATE RECEIVED  : JANUARY 28, 2019
RESPONSE DUE   : MARCH 9, 2019
SUBJECT 1      : MEDICAL TREATMENT
SUBJECT 2      : PRESCRIPTIONS, MEDICATION

LOM - 966769-F1
Part B - Response

This is in response to your Request for Administrative Remedy, received on January 28, 2019, wherein you allege you suffered a fall on September 12, 2018. You state you have not received a diagnosis regarding your complaints of left hand pain. As relief, you are requesting a change to your prescription for migraines, a medical status change to medical idle, a lower bunk assignment and an investigation into the fall.

A review of this matter reveals the following. On September 12, 2018, you were evaluated for an injury assessment due to a fall in the housing unit. You reported that you slipped on towels that were placed on the floor in the dorm. As a result of the slip, you were experiencing pain to your left palm. A physical examination revealed a possible sprain of the left hand. You were instructed to rest and ice your left hand. You were also referred to purchase ibuprofen from the commissary for pain relief.

On September 18, 2018, you were evaluated for a follow-up encounter with the nurse practitioner. During this visit, you complained of left hand and wrist pain. A physical exam revealed no deformities and full range of motion. You were prescribed meloxicam and x-rays were ordered. On September 20, 2018, x-rays were completed of the left hand, which revealed mild osteoarthritic changes with no fracture or malalignment.

On October 25, 2018, you were evaluated for chronic pain in both shoulders and a follow-up to the fall from September 12, 2018. During the visit, x-rays were ordered for both shoulders. On November 21, 2018, the x-rays were completed and revealed osteopenia, without evidence of acute fracture or shoulder dislocation, and a possible chronic rotator cuff to the right shoulder. On November 28, 2018, the physician reviewed the results of the x-rays and submitted a consult for you to be evaluated by an orthopedist. This consult is currently pending scheduling.

On November 7, 2018, you were evaluated for a migraine. The physician assistant suggested you continue your oral prescription of Imitrex and to follow-up at sick call as needed. On December 6, 2018, you were reevaluated for migraines and you were informed to continue your current medications and to return to the clinic if the headaches continued. You are currently prescribed propranolol for the prevention of migraines. The prescription was last filled on October 30, 2018, which reveals you are only 50% compliant with taking this medication. Please take this medication as prescribed to ensure your migraines are effectively managed.

You are currently pending a sick call appointment to be evaluated for chronic pain and a follow-up to your liver concerns. After further review of your medical records, there is no medical indication to place you on a medical idle at this time. As of February 8, 2019, your lower bunk has been renewed for 90 days until you are evaluated by an orthopedist.

Accordingly, your request for Administrative Remedy is partially granted. If you are not satisfied with this reply, you may submit an appeal on the appropriate form (BP-10) to the Regional Director, Western Regional Office, Federal Bureau of Prisons, 7338 Shoreline Drive, Stockton, CA, 95219, within 20 calendar days of the date of this response.

_____     _02-15-2019_
Felipe Martinez, Jr., Complex Warden     Date

**U.S. Department of Justice**

Federal Bureau of Prisons

VOID

**Regional Administrative Remedy Appeal**

EXHIBIT B.8

Type or use ball–point pen. If attachments are needed, submit four copies. One copy of the completed BP–DIR–9 including any attachments must be submitted with this appeal.

C04-001L PAB

From: ___STACKER, PAUL, H,___ ___77068-065___ ~~802-0054~~ ___FCC LOMPOC___
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

I AM APPEALING WARDEN MARTINEZ RESPONSE TO MY REMEDY REQUEST NO: 966769-F1 FOR THE FOLLOWING REASONS:

FACTS –

(UNADDRESSED BY WARDEN MARTINEZ) C/O COREY PEREZ DID REGULARLY PLACE INMATES TOWELS ON THE FLOOR DURING THE AM WATCH, EVEN THOUGH HE HAD BEEN COUNSELED MULTIPLE TIMES BY UNIT STAFF NOT TO,

– CONTINUED. SEE ATTACHED – CONTINUATION PAGE & ATTACHMENTS

– VERIFIED AND COPIED. ALL FOUR COPIES OF THIS FORM ARE SUBMITTED – PAS

___3/04/2019___
DATE

SIGNATURE OF REQUESTER

**Part B—RESPONSE**



MAR 2 2 2019    REC 4/22/19

_____          _____
DATE                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: 966769-~~R~~ R1
~~456035-F1~~

Return to: ___STACKER, PAUL, H.___ ___77068-065___ ~~802-0054~~ FIE ___LOMPOC FCC___
LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____ _____          _____
USP LVN   DATE   Previous editions not usable   SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP–230(13)
APRIL 1982

EXHIBIT 88A    966769-R1
CONTINUATION PAGE

ON 9/12/2018, C/O PEREZ PLACED DORM INMATE TOWELS, THAT WERE ON THE BUNKS PER DORM RULES, ONTO THE FLOORS/ISLES AT SOME POINT BETWEEN 11PM-3AM, WHEN I GOT UP TO USE THE RESTROOM, BECAUSE OF THE LATE HOUR AND LIGHTS BEING OFF, I WAS UNABLE TO SEE THE TOWELS AND TRIPPED AND FELL INJURING BOTH MY LEFT HAND AND REINJURING MY RIGHT SHOULDER WHICH WAS STILL RECOVERING FOR A ROTATOR CUFF/TENDON REATTACHMENT SURGERY OF DECEMBER 2017.

MY FALL WAS CAUSED SPECIFICALLY BY THE C/O PEREZ'S NEGLIGENT ACTIONS WHICH WERE DELIBERATE AND INDIFFERENT TO MY HEALTH AND SAFETY. BETWEEN 9/12/2018 AND 1/24/2019 I WENT TO SICK CALL SIX TIMES SEEKING MEDICAL CARE AND UPDATED CHRONOS FOR MY SERIOUS MEDICAL CONDITION, THE DIRECT RESULT OF MY FALL.

ON 1/22/2019, COUNSELOR A. DIAZ DID FORCE ME TO MOVE FROM THE K-DORM TO B-UNIT. AN INMATE WHO WAS THERE TO ASSIST ME, WAS THREATENED WITH 'OUT-OF-BOUNDS' INCIDENT REPORT FROM THE FLOOR C/O, EVEN THOUGH I MADE A. DIAZ AND FLOOR C/O AWARE THAT I HAD A CHRONO AND INDICATING THAT I HAD A SERIOUS MEDICAL CONDITION PREVENTING ME FROM LIFTING HEAVY OBJECTS WITHOUT ASSISTANCE. WITH THREAT OF INCIDENT REPORT, AND OUT OF PANIC, I PROCEEDED TO DO AS ORDERED AND AS A RESULT AGAIN CAUSED DAMAGE EVIDENCED BY HAND SWELLING AND INCREASED RIGHT SHOULDER PAIN. AFTER NOTIFYING C. HIATT ON 1/23/2019, SEE ATTACHMENT 'THE MOVE'; HIATT RECEIVED COP-OUT AND I REPORTED TO SICK-CALL, WITH HAND STILL SWOLLEN, I WAS DENIED MEDICAL EXAM/CARE. ON 1/24/2019, I REPORTED TO AM SICK CALL, SEE ATTACHED SICK CALL SHEET, EXPLAINED MY PAIN ASKED FOR PAIN MEDICATION AND HAND EXAMINATION. MEDICAL V. BALOGUN SAID SHE WOULD PLACE ME ON A CALL OUT, I WAS NEVER EXAMINED THIS DAY OR LATER ON ANY CALL OUT. SEE ATTACHED COP OUT RECORDING SICK-CALL DENIAL SERVICE FOR CHRONOLOGICAL DATES AND CIRCUMSTANCES.

I'M DISPUTING THE PARTIAL INFORMATION AND CLAIMS MADE BY WARDEN MARTINEZ IN HIS PARTIAL RESPONSE-
PROPER DIAGNOSIS OF HAND AND SHOULDER REQUIRES AN MRI. ON 10/9/2018, I SUBMITTED A SICK CALL FOR RIGHT SHOULDER EXAM, XRAY AND MRI TO CORRECTLY EVALUATE A POSSIBLE TORN TENDON(S) OF MY REPAIRED ROTATOR CUFF, THE MRI HAS NOT YET BEEN ACCOMPLISHED. HOWEVER, PARAGRAPH THREE OF RESPONSE INDICATES XRAYS DONE TO BOTH SHOULDERS IN RESPONSE TO MY SICK CALL XRAY & MRI REQUEST
PARAGRAPH TWO OF RESPONSE REPORTS LEFT HAND MILD OSTEORATHIC CONDITION; THIS IS CONTRARY TO MY SPECIALIST - SEE ATTACHED SURGEN SUMMARY.

COMPLAINT-

UNDER THE 8TH AMENDMENT, ESTELLE V. GAMBLE, I HAVE A RIGHT TO BE FREE FROM THESE CONDITIONS WHICH PLACED MY HEALTH IN ALL ASPECTS, AT GREATER RISK THAN THE NORMAL RESIDENCE OF DAILY PRISION LIFE, C/O PEREZ' CONTINUED DELIBERATE ACT OF PLACING FOREIGN OBJECTS ONTO THE FLOORS DURING THE NIGHT, EVEN AFTER BEING TOLD NOT TO CREATED AN UNNECESSARY RISK WHICH RESULTED MY FALLING AND INJURING MY LEFT HAND AND DAMAGE MY RECOVERING SURGERY TO MY RIGHT SHOULDER.

THIS HAS HAD BOTH PHYSICAL AND PSYCHOLOGICAL ONGOING NEGATIVE IMPACT ON THE QUALITY OF MY DAILY LIFE AND HAS LEFT ME IN CONSTANT PHYSICAL PAIN AND SUFFERING OF WHICH I DID NOT HAVE BEFORE ENTRANCE INTO THE LOMPOC FACILITY

X PAUL H. STACKER

77068-065

966769-R2
FCC Lompoc

This is in response to your Administrative Remedy Appeal of the Warden's decision dated February 15, 2019. You state you are appealing the Warden's response as it does not address allegation a specific staff member repeatedly placed towels on the floor, which you claim caused a fall and injury. You claim a different staff member forced you to move cells despite a Medical Duty Status (MDS) that restricted the weight you could safely lift. You claim you proceeded to move as ordered despite risk of injury due to threat of an Incident Report. You claim the fall and the forced move caused increased pain and injury to your hand and shoulder. You claim you have not received proper diagnosis of your hand and shoulder concerns as you state a Magnetic Resonance Imaging (MRI) would be required to obtain proper diagnosis. In addition, you claim diagnostic results noted in the Warden's response contradict a provided surgeon's summary (Exhibit E4 Oregon Medical Group, January 30, 2017). You state you have a right to be free from these conditions and claim both your physical and psychological health have been negatively impacted. You claim you suffer constant pain not experienced prior to your entrance to the FCC Lompoc facility. You do not request a specific remedy.

Your appeal has been investigated. The Bureau of Prisons takes allegations of staff misconduct seriously. All staff are held to a high standard of treating inmates fairly, impartially and humanely. Staff misconduct allegations are reviewed, and, if a determination is reached that an investigation is warranted, it is referred to the proper investigating authority. Information concerning staff conduct and performance is protected by the Privacy Act, 5 U.S.C. §552(a). In relation to an alleged staff action that you claim caused your fall, you have not provided sufficient information or evidence to substantiate your claim. Program Statement 1330.18, Administrative Remedy Program, provides "An inmate may not raise in an Appeal issues not raised in the lower level filings." Therefore, as the issue of unprofessional conduct/violation of medical restrictions by staff was not addressed in the lower level filings, you should submit a new Informal Resolution attempt at the local level for response.

A thorough review of your medical record was performed and confirmed the information provided within the Warden's response. You are currently enrolled in Chronic Care Clinics (CCC) for Gastrointestinal, Mental Health, Neurology, and Orthopedic/Rheumatology concerns. Your medical condition is monitored through CCC, Sick Call, Follow-Up, Diagnostic, and Consultant encounters. You arrived at FCC Lompoc on August 15, 2018, with a current painful condition (right shoulder rotator cuff). On August 22, 2018, during the History & Physical Encounter you reported a pre-existing shoulder injury and prior right shoulder surgeries completed. Outside medical records were requested and have been scanned into your Bureau Electronic Medical Record (BEMR. Please note, Bureau of Prisons' physicians are not required to follow the recommendations of outside physicians; however, alternative methods of treatment are advised. Brand name verses generic medications, conservative verses surgical intervention, elective or non-elective procedures are a few examples of alternative treatments Bureau physicians consider. A review of the final report of the left hand x-ray confirmed the noted impression as no fracture, no malalignment, unremarkable soft tissues, and mild osteoarthritic changes (specifically, mild osteoarthritic changes of the interphalangeal joints of the fingers, metacarpal phalangeal joints and moderate degree at the carpal-first metacarpal joint and mild

966769-R2
FCC Lompoc
Page 2 of 2

degree at the scaphold multangular articulation).  The Orthopedic Consultation referenced in the
Warden's report was completed on May 31, 2019.  In addition, our review revealed you are
currently pending scheduling a non-emergent MRI of the cervical spine for neck pain, stiffness,
and left forearm/hand numbness.  Upon completion of the MRI, if clinically indicated, a
Neurosurgical Consultation will be scheduled.

Based on the above, your care is ongoing and in accordance with Bureau of Prisons Clinical
Guidelines.  If you feel your condition has worsened since your last evaluation and wish to be
seen prior to your next scheduled appointment, you may submit a Sick-Call request for
evaluation according to local procedures.

Accordingly, this response to your request for Administrative Remedy is for informational
purposes only.  If dissatisfied with this response, you may appeal to the Office of the General
Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C. 20534.  Your appeal must
be received in the General Counsel's office within 30 calendar days of the date of this response.

6/7/19
Date

Gene Beasley, Regional Director

Rec'd
9/12/18
@ 6:30 PM
CR

Exhibit 8-9

# Bureau of Prisons
## Health Services
## Medical Duty Status

Reg #:  77068-065                    Inmate Name:   STACKER, PAUL HOWARD

### Housing Status

___ confined to the living quarters except  ___meals  ___pill line  ___treatments    Exp. Date: _____

___ on complete bed rest:  ___bathroom privileges only                               Exp. Date: _____

___ cell:  ___cell on first floor  ___single cell  ___lower bunk  ___airborne infection isolation  Exp. Date: _____

___ other: _____                                      Exp. Date: _____

### Physical Limitation/Restriction

X  all sports                                                                        Exp. Date: __09/26/2018__

___ weightlifting:  ___upper body  ___lower body                                     Exp. Date: _____

___ cardiovascular exercise:  ___running  ___jogging  ___walking  ___softball        Exp. Date: _____
                            ___football  ___basketball  ___handball  ___stationary equipment

X  other:  Rest left hand for a sprain.                                              Exp. Date: __09/26/2018__

### May have the following equipment in his / her possession:

| Equipment | Start Date | End Date | Return Date |
|---|---|---|---|
| Eye Glasses | 08/15/2018 | | |
| Reading glasses | | | |
| Rx sunglasses | | | |
| Brace - neck | 08/15/2018 | 08/15/2019 | |
| C2-C7 joints issues unable to obtain surgery | | | |

### Work Restriction / Limitation:

Cleared for Food Service: __Yes____

| Restriction | Expiration Date |
|---|---|
| No Repetitive Use of Hands | 09/26/2018 |

**Comments:**  Change care level to 2

_____Wong, Alan NRP_____     __09/12/2018__
Health Services Staff                                                Date

Inmate Name: ____STACKER, PAUL HOWARD____  Reg #:  __77068-065__  Quarters:  __C02__  -002u

*ALL EXPIRATION DATES ARE AT 24:00*

COPY

BP-S148.055 **INMATE REQUEST TO STAFF**     CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**          *approx*          **FEDERAL BUREAU OF PRISONS**

HOLD FOR DISCOVERY

EXHIBIT 8-10

| TO:(Name and Title of Staff Member) MR. WEBSTER, B-UNIT COUNSELOR | DATE: 9/  /2018 |
|---|---|
| FROM: PAUL STACKER | REGISTER NO.: 77068-065 |
| WORK ASSIGNMENT: REC-4 | UNIT: C01-002L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)    BEING REASSIGNED TO UPPER BUNK STATUS; WHILE WAITING FOR MED TO RENDER A LOWER LOWER CHRONO

AFTER WORK ASSIGNMENT ON 9/25/18, I HAVE BURNING IN (R) SHOULDER.

(L) HAND    RELATED TO FALL ON 9/12/2018.

REQUESTING TO BE PLACED ON 'MEDICAL IDLE' UNTIL SHOULDER(S) PAIN/

DAMAGE IS RESOLVED

NOTE: WEBSTER DID PLACE ME ON IDLE BUT IT WAS OVER TURNED BY THE REC AN CO

WHO WANTED TO TEACH ME A LESSON FOR NOT SHOWING UP WHEN ILL W/ MIGRAINE AND/OR EVEN

HAVING BEEN TO SICK CALL FOR MIGRAINE RELIEF    CO CHATMAN

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
|  |  |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

PRINTED ON RECYCLED PAPER

EXHIBIT 8#1  8.11

# Bureau of Prisons
# Health Services
# Medical Duty Status

Reg #:  77068-065                    Inmate Name:  STACKER, PAUL HOWARD

## Housing Status

___ confined to the living quarters except  ___meals    ___pill line    ___treatments    Exp. Date: _____

___ on complete bed rest:  ___bathroom privileges only    Exp. Date: _____

___ cell:  ___cell on first floor  ___single cell  ___lower bunk  ___airborne infection isolation    Exp. Date: _____

___ other:  _____    Exp. Date: _____

## Physical Limitation /Restriction

X  all sports    Exp. Date:  09/26/2018

___ weightlifting:  ___upper body  ___lower body    Exp. Date: _____

___ cardiovascular exercise:  ___running  ___jogging  ___walking  ___softball    Exp. Date: _____
         ___football  ___basketball  ___handball  ___stationary equipment

___ other:  _____    Exp. Date: _____

## May have the following equipment in his / her possession:

| Equipment | Start Date | End Date | Return Date |
|---|---|---|---|
| Eye Glasses | 08/15/2018 | | |
| Reading glasses | | | |
| Rx sunglasses | | | |
| Brace - neck | 08/15/2018 | 08/15/2018 | |
| C2-C7 joints issues unable to obtain surgery | | | |

## Work Restriction / Limitation:

Cleared for Food Service:  Yes ____

Restriction _____    Expiration Date
No Repetitive Use of Hands                                          09/26/2018

**Comments:**  Change care level to 2
I/M does not qualify for Bottom bunk after reviewing his records. 9/17/2018

_____              09/17/2018
          Hugo, Teala NREMT-P                                        Date
Health Services Staff

Inmate Name:  ___STACKER, PAUL HOWARD___    Reg #:  **77068-065**    Quarters:  **C04**

*ALL EXPIRATION DATES ARE AT 24:00*

EXHIBIT 8.28

BP·8(-1)

FCC 1330.17b
June 4, 2013
Attachment 1

**INFORMAL RESOLUTION**

DATE: _____12-20-2018_____

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH THE ORIGINAL OF THIS FORM TO EACH BP-9, WHEN THE COMPLAINT CANNOT BE INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC/IDC ACTIONS. INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO COMPLETE.

NAME: _Stacker, Paul_  REG. NO.: _77068-065_  UNIT: _B_

DATE BP-9 REQUESTED: ___1-16-19___

DATE BP-9 ISSUED : ___1-16-19___

DATE BP-9 RETURNED : ___1-16-19___

I. INMATE COMPLAINT:
WITH SOME LENGTHILY EFFORT, I was FINALLY RECEIVED AN X-RAY OF MY LEFT HAND. NO DIAGNOSIS HAS BEEN RECEIVED AND AS OF 10/25/18 THE LEFT HAND STILL HURTS

SEVERAL FAILED ATTEMPTS TO HAVE AN X-RAY/MRI FOR MY HURTING SHOULDER(S) VIA SICK CALL, TO FURTHER COMPLICATE MATTERS, THIS INCIDENT HAS FORCED ME TO HAVE TO LEAVE MY PAYING JOB, AND THUS MY MEANS FOR PURCHASING MEDICAL SUPPLIES, WHICH THE DOCTOR HAS RECENTLY DENIED EVEN WITH 10 REFILLS REMAINING. I HAVE BEEN FORCED TO WORK, AND MORE RECENTLY MOVED TO AN UPPER BUNK CAUSING STRESS TO MY RUTATOR CUFF(S) RECENT SURGERY, THE CONTINUED PAIN FROM MY SHOULDERS AND NECK, ARE NOW CAUSING SEVERE MIGRAINES THAT WERE UNDER CONTROL WHEN I ARRIVED AT LOMPOC FACILITY, MEDICATION FOR THESE MIGRAINES HAVE BEEN GIVEN BUT I FIND THEM INSUFFICIENT IN TOTAL DAILY/MONTHLY CONTROL.

RELIEF REQUESTED:

EXHIBIT 8.28 pg 2

- BESIDES FURTHER INVESTIGATION OF MY CONTINUED PAIN, I AM ASKING FOR A PRESCRIPTION CHANGE OF THE DRUG SUMATRIPTAN 100 MG AND 18 TABS BE CHANGED TO 50MG AND 40 TABS, SUFFICIENT FOR MONTHLY MIGRAINE CONTROL,

- I AM REQUESTING FOR MY MEDICAL STATUS BE CHANGED TO 'MEDICAL IDLE' UNTIL MY MEDICAL CONDITIONS ARE FULLY ADDRESSED AND REMEDY BE MADE TO RESOLVE MY PAIN ISSUES.

- I AM REQUESTING FOR A LOWER LOWER CHRONO TO ALLOW ME 'OPTION' MEDICAL FOR A LOWER BUNK STATUS IN THE B DORM, C-HOUSE WHERE I NOW RESIDE.

- I AM REQUESTING THAT MY CONTINUED STOMACH/PANCREATITIS PAIN BE ADDRESSED

- I AM REQUESTING THAT AN INVESTIGATION BE HELD INTO THE REASON FOR MY FALL AND HOW THIS CAN BE PREVENTED IN THE FUTURE,

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:

CORRECTIONAL COUNSELOR:___A. Diaz_____ DATE:_1-16-19_

UNIT MANAGER'S COMMENTS/ASSISTANCE:
Your request was emailed to the Health Services department regarding the concerns.   According to Health Services:
You did sign up for sick call and should be seen in the next 2 week
You last picked up his pain medication on 1-9-19
You have been non-complain with pill line medication and it was discontinued on 10-20-18
If you are having more pain before you are seen you will need to sign up for sick call, that is the only way HS would know.

UNIT MANAGER:__C. Hiatt_____ DATE:_1-16-19_

EXHIBIT 8.13

**Oregon Medical Group**
**Orthopedics**
600 Country Club Road   Eugene, OR 97401
(541) 242-4812  Fax: (541) 242-4813

June 15, 2018
Page 1

# * Clinical Visit Summary

**For :** Paul H Stacker

**Reason for your visit:** Left RCR
**Scheduled Appointments:** 06/20/2018, 10:30 AM, FU Reck 30, WEMC - PT, Walkup PT, Cody

**Instructions:**
1) cont to do exercises
2) bring the therabands to prison       ✱ ALL THERAPY TOOLS
3) Clinical Visit Summary provided. Patient to call if any questions.
4) Clinical Visit Summary provided. Patient to call if any questions.

**Updated Medication List:**
1) Fluoxetine Hcl 20 Mg Oral Capsule (Fluoxetine hcl) .... take 3 pills daily
2) Trazodone Hcl 50 Mg Oral Tablet (Trazodone hcl) .... Take 1-2 tablet by mouth at bedtime as needed for sleep
3) Imitrex 6 Mg/0.5ml Subcutaneous Solution (Sumatriptan succinate)
4) Norco 5-325 Mg Oral Tablet (Hydrocodone-acetaminophen) .... Take 1 to 2 tabs every 6hrs prn
5) Carisoprodol 350 Mg Oral Tablet (Carisoprodol) .... 1 po bid prn
6) Echinacea Tablet (Echinacea tabs) .... 1 tab po qd
7) Meloxicam 15 Mg Oral Tablet (Meloxicam) .... Take one by mouth daily with food
8) Marijuana ()
9) Sildenafil Citrate 20 Mg Oral Tablet (Sildenafil citrate) .... Take 1 tab 30-60mins prior to intercourse as needed
10) Daily Vitamins Oral Tablet (Multiple vitamin) .... 1 po qd
11) Protonix 40 Mg Oral Tablet Delayed Release (Pantoprazole sodium) .... 1 po qd
12) Sumatriptan Succinate 100 Mg Oral Tablet (Sumatriptan succinate) .... one with onset HA.  may repeat in 4 hrs if needed.  max 12/ mo.
Please call our office if you have any questions about these instructions or your medications.  If you have other medications at home that are not on this list, please contact our office, or the prescribing physician (as listed on the prescription bottle).

**Vital Signs:**
Height: 66 inches          Blood Pressure: 118/64 mmHg
Weight: 138 lbs.
BMI: 22.35                 Normal BMI 18.5-25 (18-65 yrs); 22-30 (65+ years)
Pulse: 70 bpm

**Oregon Medical Group Patient Portal**
To view a complete summary of your visit including previous results or lab tests ordered today access our Patient Portal. You can easily and securely view, print and download a Current List of Problems, Medications, Allergies, Lab Results and Immunizations. Patients are also able to pay their bill online.

If you have already registered for our Patient Portal, access it at:  https://oregonmed.myezyaccess.com/.

If you have not signed up yet, speak to one of our registration specialists, or call our Portal support team at (541) 242-4949, option 1.

EXHIBIT 8.19



**Chambers of
ANN AIKEN**
United States District Judge

### *United States District Court*
**DISTRICT OF OREGON**
Wayne L. Morse Courthouse
405 East Eighth Avenue, Ste. 5300
Eugene, Oregon 97401
Chambers (541) 431-4140
FAX (541) 431-4149

February 9, 2018

Chief of Designation DSCC
Grand Prairie Office Complex
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

RE: Redesignation Request – STACKER, Paul Howard

| | | | |
|---|---|---|---|
| **DOB:** | 07/07/1953 | **FBI #:** | 514940KA4 |
| **Register #:** | 77068-065 | **Docket #:** | 6:17CR00007-001-AA |
| **SSN:** | 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 | | |

To Whom It May Concern:

On October 11, 2017, Mr. Stacker was sentenced to 51 months' imprisonment in the District of Oregon for his conviction of Possession of Child Pornography. A judicial recommendation for designation was made for FDC SeaTac. However, the defendant has medical needs requiring ongoing treatment and medication.

As referenced in the presentence report and the attached medical documents, Mr. Stacker reported numerous medical conditions, including: migraines, occipital neuralgia due to lack of gel between five discs in his neck, right shoulder pain, a history of transient ischemic attacks, and low blood pressure. He also had rotator cuff surgery in December 2017 and was in physical therapy as of January 2018.

Based on the circumstances of Mr. Stacker's medical history and ongoing need for treatment and medication, I request that you redesignate him to a federal medical facility for incarceration. Mr. Stacker is currently out of custody and will begin service of his sentence at the direction of the U.S. Marshals Service or the designated institution. Please provide me with a written response to my letter.

Sincerely,

Ann Aiken
U.S. District Judge

AW/AA/kk

cc:     Terri Wood, Attorney
        Amy Potter, AUSA
        U.S. Probation Office

EXHIBIT B.17

## LAW OFFICE OF TERRI WOOD, P. C.
ATTORNEY & COUNSELOR AT LAW
(541) 484-4171
*FAX:(541) 485-5923*
www.terriwoodlawoffice.com

TERRI WOOD                                                    730 VAN BUREN STREET
                                                             EUGENE, OREGON 97402


Medical Administration
FCI Lompoc
Lompoc, CA

August 10, 2018

Re:    Paul Howard Stacker, #77068-065
       *United States v. Stacker,* 6:17-cr-00007-AA

Dear Sir or Madam:

I write as directed by U.S. District Court Judge Ann Aiken to provide you with urgent medical information concerning Mr. Stacker, who is scheduled to voluntarily surrender for service of sentence in the above-cause at your facility on August 15, 2018. The BOP has previously declined Judge Aiken's request for re-designation of Mr. Stacker to a medical facility (by way of letter dated 2-9-2018), but more recent events underscore the need for close monitoring of his health, if he is to survive incarceration.

On June 25th Mr. Stacker, age 65, was hospitalized with acute pancreatitis, and discharged on June 29th without the cause having been determined. On July 20th he underwent colonoscopy and esophagogastroduodenoscopy (EGD) for diagnostic purposes. Attached medical records reflect that he was to be scheduled for a repeat EGD with a side viewing scope to check his polypectomy site, and an endoscopic ultrasound to evaluate his pancreas. Those procedures could not be scheduled prior to his August 15th report date.

In addition to this new development, Mr. Stacker's medical records document his long and complex medical and mental health history. At age 27, Mr. Stacker was the victim of a near-fatal knife attack by a paranoid schizophrenic man while paying the bill after a meal at IHOP with his wife. His current pancreatitis may be related to surgerical complications from that attack. Mr. Stacker is noted to have symptoms of Post-Traumatic Stress Disorder (PTSD) related to this incident that have not been treated. Mr. Stacker has also been diagnosed and is receiving treatment for Major Depressive Disorder and Anxiety Disorder. He will require intense psychiatric therapy and monitoring, as these conditions are likely to impact his precarious physical health.

Letter to Lompoc Medical Administration                                        1

Mr. Stacker has multiple chronic medical conditions in addition to his mental health concerns. He continues to suffer from chronic, disabling migraines that have proven resistant to multiple medical therapies. During a migraine, Mr. Stacker will be physically and mentally inhibited. After a migraine attack, there is usually a postdrome phase, in which Mr. Stacker would continue to be physically and mentally limited. Migraines cannot be predicted or planned, therefore Mr. Stacker requires access to his medications at all times to treat the symptoms of a migraine attack. Due to Mr. Stacker's medical conditions and need for surgical intervention, he is unable to take nonsteroidal anti-inflammatory drugs such as Ibuprofen and therefore relies on prescription narcotics such as hydrocodone and medical marijuana for relief.

Mr. Stacker has been diagnosed with occipital neuralgia Surgical treatment likely be required to treat this condition as naturopathic and allopathic medicines have proven to be less effective over time. Occipital epidural steroid injections were initiated as a temporary means to treat the pain, but only surgical intervention would be considered a possible cure. Surgical intervention would require a higher level of medical care, postoperative therapies, and a therapeutic environment for rest, recovery, and healing.

Mr. Stacker has a long history of chronic neck pain that has been treated with multiple modalities including pain medications, epidural steroid injections, and physical therapy that have all proven to be ineffective over the long term. Cervical MRI from May 2017 showed progressive multilevel bilateral foraminal narrowing resulting in mild to moderate nerve impingement. Although surgical intervention was considered, it is not likely to alleviate Mr. Stacker's symptoms due to the degree of multilevel disease. Surgical intervention would require months of recovery, intense skilled medical care, multidisciplinary therapeutic modalities, and pain medication administration and monitoring.

On December 9, 2016, Mr. Stacker required right shoulder open rotator cuff repair including supraspinatus and subscapularis with distal clavicle resection and biceps tenodesis. Left shoulder MRI on February 14, 2017 were consistent with a chronic tear of the subscapularis tendon requiring surgical intervention that has not yet occurred. At this time his right shoulder rotator cuff has healed from a re-injury and repeat surgery on December 1, 2017, to the point where he has partial use of his right arm but must continue physical therapy to complete the healing process.

Mr. Stacker has limited physical mobility related to pain associated with occipital neuralgia, multilevel bilateral foraminal narrowing resulting in mild to moderate nerve impingement, and bilateral rotator cuff tears. Mr. Stacker has received steroid injections to treat the pain associated with these injuries, but the injections will lose their effectiveness and can only be administered every three to four months to prevent side effects. Mr. Stacker will require surgical procedures as indicated by his physicians to repair the torn left rotator cuff and the occipital neuralgia. Postoperative care will include months of physical and occupational therapy, skilled nursing care, assistance with activities of daily living, pain management, and follow-up appointments. Prior to any

- 3 -

surgical procedures, Mr. Stacker will require continued pain management with the use of prescription narcotics on a regular schedule and as needed (PRN) status and steroid injections.

Mr. Stacker also suffers from the following medical conditions:
- Bursitis of left shoulder
- Osteoarthritis of first carpometacarpal joint
- Pain in left hand
- Unilateral inguinal hernia
- Onychogryphosis (hypertrophy that may produce nails resembling claws or a ram's horn)
- Tinea unguium (nail fungus causing thickened, brittle, crumbly, or ragged nails)
- Insomnia
- Male erectile dysfunction
- Hypertension
- Gastroesophageal reflux disease (GERD)
- Stroke.

Given these multitude of medical and mental health issues, Judge Aiken requests that Lompoc provide her and US Probation Officer Ashley Wong with a written status report on Mr. Stacker's course of treatment and medical condition every six months during service of his sentence. Letters can be sent to them at the U.S. District Courthouse, 405 E. 8th Ave., Eugene, OR 97401.

I continue to represent Mr. Stacker and should you require any additional information to facilitate his care, please do not hesitate to contact me via any means of contact on this letterhead.

Sincerely,

Terri Wood, OSB 883325
Attorney for Paul Stacker

Cc: Hon. Ann Aiken, U.S. District Court Judge
    USPO Ashley Wong
    AUSA Amy Potter

EXHIBIT 8.12

POSTED ON
BOARD 1ST FLOOR
IN FRONT OF C-HOUSE

# ACCESSING THE UPPER BUNK

Inmates assigned to upper bunks must use care when accessing their bunks.  The proper method to use in accessing the upper bunk is to place two hands on one or both of the end posts, place your foot on the bed post step, and pull yourself onto the bunk.  DO NOT use chairs, lockers, or any other device or individual to assist you in accessing the upper bunk.  Any other method of accessing the upper bunk is not approved and may result in injury to you or someone else.  If you have any questions or problems with this procedure, notify a staff member for further direction.

## COMO SUBRISE A LA CAMA DE ARRIBA

Los reclusos asignados a las camas de arriba tienen que tener cuuidado al subirse a su cama.  La manera mas adecuada es poniendo las dos manos en uno de los dos postes de la cama, poniendo un pie en escaloydel el riel y levantandose hacia arriba.  Nunca deben de usar sillas, taquillas u otra cosa o persona para lograr subirse a su cama.  Cualquier otro metodo que usen para subirse a su cama no esta aprobado, ya que pueden lastimarse o lastimar a otra persona.  Si tiene alguna pregunta o problemas acerca a este metodo, rogamos notifique a cualquier oficial para mas informacion.

EXHIBIT 8.14

# Bureau of Prisons
# Health Services
# Medical Duty Status

Reg #:  77068-065                    Inmate Name:    STACKER, PAUL HOWARD

## Housing Status

__ confined to the living quarters except  __meals    __pill line    __treatments    Exp. Date: _____

__ on complete bed rest:    __bathroom privileges only                                Exp. Date: _____

X cell:  __cell on first floor  __single cell  X lower bunk  __airborne infection isolation  Exp. Date: _05/09/2019_ ←

__ other: _____    Exp. Date: _____

## Physical Limitation/Restriction

__ all sports                                                                   Exp. Date: _____

__ weightlifting:    __upper body    __lower body                                Exp. Date: _____

__ cardiovascular exercise:  __running  __jogging  __walking  __softball         Exp. Date: _____
                        __football  __basketball  __handball  __stationary equipment

__ other: _____    Exp. Date: _____

## May have the following equipment in his / her possession:

| Equipment | Start Date | End Date | Return Date |
|---|---|---|---|
| Eye Glasses | 08/15/2018 | | |
|   Reading glasses | | | |
|   Rx sunglasses | | | |
| Brace - neck | 08/15/2018 | 08/15/2019 | |
|   C2-C7 joints issues unable to obtain surgery | | | |

## Work Restriction / Limitation:

Cleared for Food Service:   Yes_____

X  No Restrictions

**Comments:**   Change care level to 2
I/M does not qualify for Bottom bunk after reviewing his records.9/17/2018
10/25/18 temp Low Bunk RE: bilateral shoulder problems - pending further eval

| | |
|---|---|
| **Pinnell, Marsha RN/IOP/IDC** | **02/08/2019** |
| Health Services Staff | Date |

Inmate Name: ___  **STACKER, PAUL HOWARD** _____    Reg #: ___ **77068-065** ___    Quarters: ___ **C04** ___

*ALL EXPIRATION DATES ARE AT 24:00*

"THE MOVE"                                    EXHIBIT B.15

BP-S148.055 INMATE REQUEST TO STAFF CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE              FEDERAL BUREAU OF PRISONS

| TO:(Name and Title of Staff Member) HIATT STAFF, MANAGER | DATE: 1/23/19 |
|---|---|
| FROM: PAUL HOWARD STACKER | REGISTER NO.: 77068-065 |
| WORK ASSIGNMENT: UNASSIGNED | UNIT: C04-001L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

ON 1/22/2019, I WAS TOLD, BY A. DIAZ, THAT I HAD TO MOVE TO THE B-DORM, C-HOUSE, FROM MY LOCATION IN THE K-DORM. DURING THIS MOVE, I RE-INJURED MY LEFT HAND AND FOUND MY RIGHT SHOULDER SORE, MIGRAINE FROM NECK STRESS THAT EVENING OF 1/22/2019.

— I AM REQUESTING TO REMAIN IN B DORM, C-HOUSE, C04-001L. —

X Paul B Stacker

CC: TERRI WOOD LAW OFFICE
CC: CHRISTINE L. STACKER

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

*move to BP-9*
*Noti. Received by me*
*2/25/19 SMU*
*over 30 days*
*[illegible]*

EXHIBIT 8.16

## CHECK ONE (MARQUE UNA)

| MEDICAL (MEDICO) | |
|---|---|
| DENTAL ( DENTAL) | |

# INMATE SICK CALL REQUEST

### ( CONSULTA MEDICA PARA CONFINADOS)

- STACKER                    PAUL                                    1/23/2019
  **LAST NAME (APELLIDO),  FIRST (PRIMERO)**                    **DATE (FECHA)**

- 77068-065
  **REGISER NUMBER ( NUMERO DE REGISTRO)**

- **COMPLAINT (CUAL ES SU PROBLEMA) :**

RE-INJURED LEFT HAND DO TO A REQUESTED MOVE
FROM K-DORM TO R DORM

REQUESTING HAND EXAMINED AND PAIN MEDICATION RECEIVED

CC: TERRI WOOD LAW OFFICE

- **HOW LONG HAVE YOU HAD THIS PROBLEM?**

**( DURANTE CUANTO TIEPMP HA TENIDA USTED ESTA PROBLEMA?)**

2 DAYS (DIAS) ____WEEKS (SEMANAS) ____MONTHS (MESES) ____YEARS (ANOS)

- **$2.00 CO-PAYMENT FOR SICK CALL VISIT!**
- **EL COBRO DE $2.00 POR CONSULTA MEDICA!**

X _Paul A Stacker_

**SIGNATURE (FIRMA)**

**U.S. DEPARTMENT OF JUSTICE**  **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) | DATE: |
|---|---|
| A. DIAZ COUNSELOR / C. HIATT UNIT MANAGER | FEB 8, 2019 |
| FROM: | REGISTER NO.: |
| PAUL HOWARD STACKER | 77068-065 |
| WORK ASSIGNMENT: | UNIT: |
| UNASSIGNED | C04-001L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

CONCERN: LACK OF MEDICAL ATTENTION

- REINJURED LEFT HAND, ON 1/22/19 *LATE*

- ATTEMPTED SICK-CALL ON 1/23/19 - DENIED. HAND SWOLLEN

- ATTEMPTED SICK-CALL ON 1/24/19 - REPORTED ON SICK-CALL SHEET, THE NEED FOR EXAM,

   PAIN MEDICATION (WHICH I HAD NONE), REVIEW FOR POSSIBLE HAND BRACE, WAS TOLD.

   I WOULD BE PLACED ON A 'CALL-OUT'. NO REQUESTED MEDICATION - DENIED

- AS OF 2/08/19, THE SIGNING OF THIS REQUEST, I HAVE RECEIVED NO CARE

   SINCE DENIAL OF MEDICAL SERVICE. I'M STILL IN PAIN. I WILL PROVIDE FURTHER

   DETAILS UPON REVIEW OF THIS REQUEST W/ STAFF.

- I'M REQUESTING AN UPDATED CHRONO *ADDITION* TO REFLECT HAND DAMAGE / CARE, *ALONG W/ SHOULDER* AND

   THAT MY OUTSIDE MEDICAL RECORDS BE ACCEPTED - REFLECTING (IN BRIEF HERE)

   LEFT THUMB CMC JOINT PRIMARY OSTEOARTHRISIS - STAGE III, LOWER BUNK CHRONO.

CC TERRI WOOD LAW OFFICE          (Do not write below this line)          *Paul H St*

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

 PRINTED ON RECYCLED PAPER

# THE FACC

2ND SUBMISSION
BP-11 SENT

OFFICER: TORRES
ACCEPTED SEALED MAILING
OF PACKET
DATE: 8/26/19
TIME: 6:04 A

**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$3.50

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required       $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

77068-065
General Counsel
320 1ST ST NW
Bureau of Prisons
Washington DC 20534
United States

7019 0140 0000 8265 1170

---

TO:

→77068-065←
General Counsel
320 1ST ST NW
Bureau of Prisons
Washington, DC 20534
United States

7019 0140 0000 8264 8590

GERTIFIED MAIL
RETURN RECEIPT

8×55¢ = 4.40

SEE COPY OF
PACKET + CERTIFIED
SLIP

LETTER TO CENTRAL
ON MISSING BP11
WRITTEN RESPONSE ON
DISPOSITION IE GRANTED,
DENIED, ETC,

OFFICER: _____

DATE: _____
TIME: _____

✳ LETTER DEEMING GRIEVANCE
PROCESS COMPLETED

CCS JUST SAVE NOT PART OF PACKET

GENERAL COUNSEL
320 1st N.W.
BUREAU OF PRISONS
WASH DC 20534

EXHIBIT 8.22

DRAFT    LETTER TO
        CENTRAL

TO WHO IT CONCERNS                                DEC 25 2019

ON AUG 26, 2019, I RESUBMITTED REQUESTED BP11 DOCUMENTATION
REF 966769-R2, WITHIN THE REQUIRED TIME ON A REGISTERED
MAIL, TRACKING # 70191040 0000 8265 1176 LEGAL MAIL ACCEPTED)
SEALED BY CO. TORRES. A TRACKING SEARCH CONFIRMS DELIVERY TO
GENERAL COUNSEL.

A BP8 WAS SUBMITTED, DATED OCTOBER 18, 2019 AND AGAIN ON
NOVEMBER, 1 2019, TO LOMPOC UNIT MANAGER REQUESTING STATUS.
UNIT STAFF MANAGER INFORMED ME THAT CENTRAL HAD NOT
CONTACTED LOMPOC STAFF REQUESTS FOR STATUS ON MY RESPONSE
REQUESTS.

AS OF DECEMBER 25, 2019, I HAVE NOT RECEIVED, AS PER CFR 542.17 (b)
"INMATE SHALL BE PROVIDED A WRITTEN NOTICE..."
I HAVE NOT RECEIVED A RESPONSE FROM CENTRAL AND HAVE BEEN EXTREMELY
PATIENT, AND BECAUSE I HAVE NOT RECEIVED A RESPONSE FROM
CENTRAL, DEEM MY BP11 REQUEST FOR ADMINISTRATIVE REMEDY
AS NON RESPONSIVE AND THEREFORE DENIED.

THIS REGISTERED LETTER IS TO ACKNOWLEDGE A DENIED STATUS AND
THEREFORE CONCLUDE THAT THIS PORTION OF MY GRIEVANCE PROCESS
HAS BEEN COMPLETED AS PER THE CFR REQUIREMENTS

PAUL STACKER
    97068-065
FED CORR IND
3600 GUARD RD
LOMPOC CA 93438

EXHIBIT B 22

DECEMBER 25, 2019

GENERAL COUNSEL
320 1ST NW
BUREAU OF PRISONS
WASHINGTON, DC 20534



DRAFT FINAL
ORI SENT

TO WHO IT CONCERNS,

ON AUGUST 26, 2019, I RESUBMITTED REQUESTED BP11 DOCUMENTATION, REF. 966769-R2, WITHIN THE REQUIRED TIME VIA REGISTERED MAIL, TRACKING # 7019 1040 0000 8265 1170 LEGAL MAIL ACCEPTED/SEALED BY C.O. TORRES. A TRACKING-SEARCH CONFIRMS DELIVERY TO GENERAL COUNSEL.

A BP8 WAS SUBMITTED, DATED OCTOBER 18, 2019 AND AGAIN ON NOVEMBER 1, 2019, TO LOMPOC UNIT MANAGER REQUESTING STATUS. UNIT STAFF MANAGER INFORMED ME THAT CENTRAL HAD NOT CONTACTED LOMPOC STAFF REQUESTS FOR STATUS ON MY RESPONSE REQUESTS. AS OF DECEMBER 25, 2019, I HAVE NOT RECEIVED AN ADMINSTRATIVE RESPONSE NOR MY BP11 DOCUMENTS RETURNED, AS PER CFR 542.17(b) "INMATE SHALL BE PROVIDED A WRITTEN NOTICE..."

I HAVE NOT RECEIVED A RESPONSE FROM CENTRAL AND HAVE BEEN EXTREMELY PATIENT, AND BECAUSE I HAVE NOT RECEIVED A RESPONSE FROM CENTRAL, DEEM MY BP11 REQUEST FOR ADMINSTRATIVE REMEDY AS NON RESPONSIVE AND THEREFOR DENIED.

THIS REGISTERED LETTER IS TO ACKNOWLEDGE A DENIED STATUS AND THEREFORE CONCLUDE THAT THIS PORTION OF MY GRIEVANCE PROCESS HAS BEEN COMPLETED AS PER THE CFR REQUIREMENTS.

PAUL H. STACKER
77068-065
FEDERAL CORRECTIONAL INSTITUTION
3600 GUARD RD
LOMPOC, CA 93438



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Please Send Back to Originator
Paul Stacker 77068-065

Certified Mail Fee
$ 3.50
Extra Services & Fees (check box, add fee as appropriate)
☒ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery $
Postage
$ 0.55
Total Postage and Fees
$ 4.05
Sent To PAUL HOWARD STACKER 77068-065
Street and Apt. No., or PO Box No. 3600 GUARD RD
City, State, ZIP+4® LOMPOC CA 93438

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



$4.40

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Please Send Back to Inmate
Paul Stacker # 77680-065

77068065

Certified Mail Fee
$ 3.50

Extra Services & Fees *(check box, add fee as appropriate)*
- [x] Return Receipt (hardcopy)       $ _____
- [ ] Return Receipt (electronic)     $ _____
- [ ] Certified Mail Restricted Delivery  $ _____
- [ ] Adult Signature Required        $ _____
- [ ] Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$ 0,55

Total Postage and Fees
$ 4.05

Sent To
PAUL HOWARD STACKER  77068-065
Street and Apt. No., or PO Box No.
3600 GUARD RD
City, State, ZIP+4®
LOMPOC CA 93438

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0140 0000 8264 8590

CERTIFIED MAIL



NAME: PAUL HOWARD STACKER
REG #: 77068-065
FEDERAL CORRECTIONAL INSTITUTION
3600 GUARD RD

LEGAL
MAIL

EXHIBIT 8.24
PG 1

CENTRAL FILE (GRAY)
ORIGINALS (EXCEPT BP-11 FORM)

## TABLE OF CONTENTS
966769-R1

- REJECTION NOTICE - DATED MARCH 27 2019; RECEIVED APRIL 2, 2019
- BP-10; FORM NUMBER BP-230(13); YELLOW; ~~TOTAL 4 PAGES~~ COPY(1)
- BP-10 CONTINUATION PAGE
- EXHIBIT (E1) - FORM BP-S148-055 INMATE REQUEST TO STAFF COFRM; "THE MOVE"
- EXHIBIT (E2) - COPY OF INMATE SICK CALL REQUEST; DESCRIBES MEDICAL REQUEST
    FOR SWOLLEN HAND AFTER "THE MOVE" (E1)
- EXHIBIT (E3) INMATE REQUEST TO STAFF COFRM; DESCRIBES THE CHRONOLOGICAL DATES
    FOR ATTEMPTED MEDICAL AND RESULT
- EXHIBIT (E4) LABELED AS: "OREGON MEDICAL GROUP"; DESCRIBES OUTSIDE
    DOCTOR SPECIALIST CHART NOTES ON LEFT HAND CONDITION + SUGGESTED REMEDIES
- BP-9 "RESPONSE FROM THE WARDEN COPY AND LABELED "PART B RESPONSE"
- BP-9, FORM BP-229(13);
- BP-9 CONTINUATION (ATTACHMENT) PAGES. 1 OF 2 & 2 OF 2
- INFORMAL RESOLUTION; DATED 12-20-2018; FORM FCC 1330.17b
- MEDICAL SUMMARY PROVIDED BY LAW OFFICE OF TERRI WOOD, P.C.
- MEDICAL DUTY STATUS (CHRONO) DATED 9/12/2018; DATE OF FALL

    REGIONAL
- RECEIPT OF BP10 AND SUPPORTING DOCUMENTS, DATED MAY 2, 2019
- EXTENSION REQUEST FROM REGIONAL, DATED MAY 2, 2019
- COP-OUT TO LOMPOC STAFF ON NON RECEIPT OF REGIONAL RESPONSE - DATED 6/27/2019
- REGIONAL RESPONSE - INCLUDES; COPY BP-10; REGIONAL WRITTEN RESPONSE; BP-10
    CONTINUATION PAGE; SUBMITTED COPY EXHIBIT E4; BP-9 RESPONSE FROM WARDEN

    C.C.: LAW OFFICE OF TERRI WOOD
        730 VAN BUREN STREET
        EUGENE, OR 97402
        TERRIWOODLAWOFFICE.COM

EXHIBIT B25

CHRONOLOGICAL ADMIN GRIEVANCE
MAILING / INVESTIGATION

ON OR ABOUT

DATED 9/12/20 BP9 SUBMITTED SENSITIVE IN MAIL
    FOLLOWING ON RECORD:
966769-F1    REC 1/28/2019
    NOTE: SUBMITTED TO C. HIATT ON 12/20/18 DATED 10/29/2018

ON 1/11/2019 ASKED ABOUT ADMIN RECEIPT
"   1/16/2019 C. HIATT ASKED TO HAVE CO FALL INVESTIGATION REMOVED
"   2/7/2019 ADMIN REMEDY RECEIPT RECEIVED ON 2/7/ VIA MAIL CALL
"   1/23/19 GAVE HIATT BP-9 COP-OUT SECOND SUBMISSION

    BP10         SENT ON 7TH
R1   DATED 3/04/2019    REC 3/22/2019
RESENT   DATED    4/10/2019
R2   DATED 4/22/2019    REC 4/22/2019
    6/21/19 COP-OUT NO REGIONAL RECEIPT


    BP11
RESENT  A1  DATED    REC 7/25/2019  RESENT 8-26-19
B   A2  DATED    REC 9/11/2019    9-20-19 REJ
RESENT DATED 9/28/19

    INQUIRY - 10/10/19 COP-OUT REQUEST FOR RECEIPT
8/20/19 10/18/2019 COP-OUT REQUEST FOR RECEIPT *
    11/1/19 COP-OUT REQUEST FOR RECEIPT
    12/25/19 LETTER TO CENTRAL AS DENIED
SERVING AS OBLIGATION OF GRIEVANCE PROCESS TO CENTRAL

    1/29/20 RECEIVED CENTRAL FOR ANOTHER PACKET
    (NEVER RECEIVES RECEIPT. NOT ON CPU FILES. NO ORI
    PACKET SENT BACK JUST REC AND MY LETTER BACK)

ORGINALLY SUBMITTED BP9, AS A SENSITIVE DOCUMENT TO WARDEN,
WAS IGNORED OR AVOIDED AS TO ALLEGATION OF EVENT

SECOND SUBMISSION BP9 TO WARDEN AND LEGAL, AGAIN IGNORED
OR AVOIDED AS TO THE MAIN ALLEGATION OF EVENT

1ST SUBMISSION OF BP10 TO REGIONAL WAS REJECTED DUE TO PRESENTATION
AND CONTENT OF MAIN ALLEGATION NOT ADDRESSED

2ND SUBMISSION OF BP10 TO REGIONAL WAS ACCEPTED AND "CLOSED" REFERING
MAIN ALLEGATION BACK TO LOCAL FACILITY.

1ST UNNECESSARY SUBMISSION OF BP11 (DUE TO CLOSED VERDICT FROM REGIONAL)
WAS REJECTED DUE TO CLAB CLERICAL ERRORS AND RETURNED WITH
RECEIPT AND EXPLANTION, INSUFFICIENT # OF COPIES (RESENT 8/26/19)

2ND UNNECESSARY CORRECTED SUBMISSION OF BP11, WAS REJECTED DUE TO CLERICAL ERRORS
BUT NO RECEIPT, EXPLANTION OR PACKET, WAS RETURNED

MULTIPLE REQUESTS FROM STAFF AND LEGAL AT LOMPOC GAVE NO REASON AND
DID NOT HAVE ANY UPDATES FROM CENTRAL ON COMPUTER.
ON 10/22/19 I ASKED FOR REASON AND MISSING PACKET THEN PRESENTED A
OFFICIAL COPOUT TO DISCOVER THIS INFORMATION, OF MISSING RECEIPT/PACKET, FOR
THE RECORD COMPLETED/SURMISED THAT IF NOT CONTACTED I HAD COMPLETED
THIS PORTION OF GRIEVANCE PROCESS EVEN THOUGH IT WAS NOT CLEAR THAT
CENTRAL NEEDED CONTACT DUE TO REGIONAL CLOSING OF GRIEVANCE PROCESS.
NO CONTACT FROM LOCAL QUERY ON CENTRALS COMPLIANCE I THEN SENT
A LETTER INDICATING I HAD RECEIVED ZERO INFORMATION FROM MY SECOND
SUBMISSION AND THUS THIS PORTION OF GRIEVANCE COMPLETED.
WITHIN A WEEK I RECEIVED BACK FROM CENTRAL, A REJECTION NOTICE
ALONG WITH MY ORIGINAL LETER + CERTIFIED DELIVERY ENVELOPE. NO EXPLICIT
INSTRUCTIONS AND NO PACKET WERE RETURNED - I THEREFORE STAND THAT MY
MULTIPLE SUBMISSION ATTEMPTS TO BRING IN TO LIGHT THE SERIOUS ERROR IN CONDUCT
WHICH CAUSED MY FACC IN COMPLIANCE OF GRE COMPLETE.

EXHIBIT 8.26

BP-S148.055 **INMATE REQUEST TO STAFF**    CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                     **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) S. HIATT  UNIT MANAGER | DATE: OCT 18 2019 |
|---|---|
| FROM: PAUL HOWARD STACKER | REGISTER NO.: 77068-065 |
| WORK ASSIGNMENT: UNASSN | UNIT: C04-001L |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary.  Your failure to be specific may result in no action being taken.  If necessary, you will be interviewed in order to successfully respond to your request.)

CENTRAL GENERAL COUNSEL RECEIVED MY BP-11; 966769~ SENT FROM LOMPOC FCC ON 8/26/2019, LOMPOC STAFF, UPON MY REQUEST IN TRACKING, INFORMED ME A REJECTION DATING 9/20/2019. AS OF 10/18/2019, I HAVE NOT RECEIVED A MAILED COPY RESPONSE FROM CENTRAL NOR REASON FOR REJECTION NOR RETURNED PACKET,

- REQUESTING BP-11 CENTRAL RESPONSE TO GRIEVANCE # 966769-A2 AND PACKET RETURNED, IF PACKET w/ COPIES NOT RETURNED, THIS NOTICE WILL SERVE AS MY OBLIGATION OF GRIEVANCE PROCESS w/ CENTRAL,

PHS

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


PRINTED ON RECYCLED PAPER

EXHIBIT-8 26A

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member) HVAH | DATE: 10 /10 /19 |
|---|---|
| FROM: STACKer | REGISTER NO.: 77068·065 |
| WORK ASSIGNMENT: | UNIT: B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Did not receive a copy of response 966769-A2 from Central Office.

(Do not write below this line)

DISPOSITION:

The Admin Coordinator was contacted regarding this matter and advised you will have to write the central office a letter requesting a copy if you do not receive it in the mail.

| Signature Staff Member C. H., UM | Date 11-5-19 |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

PRINTED ON RECYCLED PAPER

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: STACKER PAUL H.          77068-065    C04-001L    ECC LOMPOC
        LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL

THIS IS IN RESPONSE TO REGIONAL "INFORMATIONAL PURPOSES" REPLY TO MY BP-10.

REVIEW/RECAP:

ON SEPTEMBER 12, 2018, I CLAIM TO HAVE SUFFERED A FALL CAUSED SPECIFICALLY BY A

C/O. SEE CLAIM, PAGE 1 OF BP-9; 966769

I CLAIM RE-INJURY TO MY RIGHT SHOULDER FROM THIS FALL,

FACTS: WITHIN MY BP-10, I IDENTIFY A MR COREY PEREZ AS THE C/O WHO

CAUSED MY FALL,

OVER A PERIOD OF WEEKS AND WITH MULTIPLE WARNINGS FROM STAFF, MR PEREZ

DID CONTINUE THE ACT OF REMOVING TOWELS AND ITEMS TO THE ISLE FLOORS

— SEE CONTINUATION PAGE AND EXHIBITS —

_____    _____
DATE                SIGNATURE OF REQUESTER

Part B - RESPONSE

_____                    GENERAL COUNSEL
DATE

ORIGINAL: RETURN TO INMATE          CASE NUMBER: 966769

Part C - RECEIPT

                                    CASE NUMBER: 966769

Return to: STACKER PAUL H        77068-065    C04-001L    ECC LOMPOC
          LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

                                                            BP-231(13)
UPN-LVN                                                     JUNE 2002

Case 2:21-cv-09658-SP Document 1 Filed 12/13/21 Page 59 of 74 Page ID #:59

'SENSITIVE', FROM INMATES IN DORM B; ALL PERTAINING TO THIS C/O, MY BP-9 WAS DELIVERED BY AN INMATE ON MY BEHALF; SEE EXHIBIT E. PROVIDED AS EVIDENCE, PERTAINING TO PEREZ'S CONTINUED MIS-CONDUCT, I OFFER HERE SOME OF SEVERAL AFFIDAVITS COLLECTED IN SUPPORT OF MY CLAIM TO PEREZ'S NEGLIGENT ACTIONS: SEE EXHIBIT A.1 - A.4

SUBSEQUENTLY, TO B DORM INMATES BP-9'S FOR CORTEZ TO CEASE THESE INFRACTIONS THE 'CAPTAIN' HELD A 'HOUSE' MEETING TO PRESENT A RESOLUTION TO PEREZ'S ACTIONS TOWARD TOWEL AND CLOTHING PLACEMENT, ALSO PROVIDED HEREIN, AN INMATES INCIDENT REPORT AND AFFIDAVIT SUBMITTED IN SUPPORT TO MY CLAIM OF PER CORTEZ'S ACTIONS. SEE EXHIBITS B AND C

MY BP-9, RELATED TO MY FALL, WAS NEVER ADDRESSED BY WARDEN AND ON OCTOBER 29, 2018, I RESUBMITTED MY SAFETY ISSUE, WARDEN AGAIN DID NOT REPLY TO BP-9 SAFETY ISSUE INVOLVING THE CORTEZ REFERENCED AND THEREFORE A BP-10 WAS SUBMITTED FOR REGIONAL REVIEW.

ON OCTOBER 9, 2018, I HAD TO REQUEST A MEDICAL PROCEEDURE: X-RAY AND MRI, TO DETERMINE THE SOURCE OF PAIN IN RIGHT SHOULDER, ONLY X-RAYS WERE EVENTUALLY COMPLETED ON NOVEMBER 28, 2018; A CONSULATION REQUEST, SUBMITTED BY DR DHALIWAL WAS APPROVED FOR AN OUTSIDE ORTHOPEDIST, ON MAY 31, 2019, EIGHT (8) MONTHS AFTER MY FALL, I WAS SEEN BY AN ORTHOPEDIST, DR. CORTEZE, WHO CONFIRMED MY SUSPECT OF A TORN ROTATOR CUFF FROM FALL, DR CORTEZE HAS NOW ORDERED AN MRI TO CONFIRM THE EXTENT OF DAMAGE, DR CORTEZE NOTED I NOW SUFFER MUSCLE ATROPHY

LET MY (NOW SCANNED IN) OUTSIDE MEDICAL RECORDS SHOW THAT I WAS RELEASED BY MY SURGEON AND PHYSICAL THERAPIST HAVING FULL RANGE OF MOTION (ROM) WITH LITTLE OR NO PAIN; ABLE TO PERFORM WEIGHT LIFTING, PUSH-UPS, ETC., AND HAVING GOOD SOLID MUSCLE TONE

IN ADDITION TO MY INCOMING LAWYER SUBMITTED MEDICAL RECORDS-LETTER TO MEDICAL, A COPY OF WHICH WAS PRESENTED (AGAIN) IN THE BP-9, I BROUGHT IN MY SURGEON AND NEUROLOGIST MEDICAL INSTRUCTIONS FOR CONTINUED CARE, ALONG WITH A LEFT HAND SUPPORT GLOVE, NECK BRACE, AND EXERCISE BANDS TO CONTINUE PHYSICAL THERAPY. ALL ITEMS, EXCEPT THE NECK BRACE, WERE TAKEN. SEE EXHIBIT D

I STAND BY MY CLOSING COMMENT CONTAINED IN MY CONTINUATION PAGE PROVIDED WITH MY BP-10: 966769-R1, THAT PEREZ' INDIFFERENCE TO INMATES HEALTH AND SAFETY DID CAUSE MY CONTINUING PHYSICAL AND PSYCHOLOGICAL SUFFERING FROM THE AFOREMENTIONED RESULTANT FALL.

REGIONAL RESPONSE, 1ST PARAGRAPH OF 966769 SAYS "YOU DO NOT REQUEST A SPECIFIC REMEDY." I AM NOW SEEKING MONETARY COMPENSATION

x _(signature)_

PAUL H. STACKER

77068-065

# SECTION 10

In layman terms, I suffer from a torn rotator cuff.  Full medical descriptions are located in the Lompoc

BEMR and the office of Dr. David Cortese, M.D. orthopedic surgeon. Dr. Cortese is located within the

Lompoc Valley Medical Center.



## About Dr. David Cortese, MD

Dr. David Cortese is an orthopedic surgeon in Lompoc, California and is affiliated with Lompoc Valley Medical Center. He received his medical degree from University of California Irvine School of Medicine and has been in practice between 11-20 years.

PART OF SECTION 10

Paul H. Stacker

77068-065

Case 2:21-cv-09658-SP     Document 1     Filed 12/13/21     Page 62 of 74   Page ID #:62

# SECTION  11

# Affidavits / Witnesses

12

To Whom It May Concern:
On September 12th, I, Miguel A. Cervantes, verified and sealed Mr. Stacker's BP-9 addressing and related to his fall. I then mailed it in A-Building since it was a sensitive matter.

Miguel Cervantes
#61671-298
C04-003L
5/4/19

PERSUANT TO 28 U.S.C. 1746, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ON MAY 4, 2019

x _____

MIGUEL CERVANTES

AFFADAVIT


Sometime between midnight nad three am on or about September, 12th, 2018, I _ERIC J. GUANCO_, did hereby witness CO Corey Perez throw full length bath towels, clothing, and other items into to the isles and immediate flooring near the beds.

Dated: 7/16/19                          Respectfully,

                                        654-64 097

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXHIBIT A.2

AFFADAVIT


Sometime between midnight nad three am on or about September, 12th, 2018, I ___EDMUND   LEE___, did hereby witness CO Corey Perez throw full length bath towels, clothing, and other items into to the isles and immediate flooring near the beds.

Dated: 16 JUL 2019                Respectfully, _Edmund Lee_

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

AFFADAVIT

Sometime between midnight nad three am on or about September, 12th, 2018, I _Michael Bowen_____, did hereby witness CO Corey Perez throw full length bath towels, clothing, and other items into to the isles and immediate flooring near the beds.

Dated: 16 July 2019          Respectfully, _[signature]_

18004-006

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

AFFADAVIT

Sometime between midnight nad three am on or about September, 12th, 2018, I Manisela Prescott, did hereby witness CO Corey Perez throw full length bath towels, clothing, and other items into to the isles and immediate flooring near the beds.

Dated: 7/17/19                    Respectfully,

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXHIBIT B through C contains Marlin L. Grougher/Private Citizen, Incident Report.

AFFIDAVIT


During the week between 9/6/18 through 9/13/18 I, Marlin Gougher, did witness, CO Corey Perez throw full body bath towels on the floor, throw clothes on the floor, and move clothes around to the point of where they would fall to the floor.  At one point on 9/9/2018, CO Perez even wrote me up on a BP-A0288 for putting clothes on the end of my bed so I could block the extremely cold air from blowing from the door down through my bed on the freeway which is intentional infliction of emotional and physical distress (An Eighth Amendment violation) for putting me there and keeping me there for the type of crime I have.

Because previously no inmates were being written up for since I had been here round about March 18' and I had been hanging my clothes on the end of my bed since that time and I do not have the locker capacity or other areas to hang clothes like the others were allowed to, I feel that the Warden should do the right thing and throw this ridiculous write up out and remove it from my record.


Dated:

7/15/2019

Respectfully,

Marlin L. Gougher/Private Citizen

EXHIBIT B.1

> A Justice Of The Peace completing this certificate verifies the identity of the individual who signed the document, and the truthfulness, accuracy, and the validity of that document.

State of California      ) ss.
County of Sacramento    )

Subscribed and sworn to (or affirmed) before me on this **15th** day of **July** 20**19** , by **Marlin Gougher** proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____          _____
Justice Of The Peace              Dr. Helaman Hansen
                                  Chairman/Founder of AHA, NHPI, FIBO

**7/15/2019**
Date

CERTIFIED COPY
#9311159
HELAMAN HANSEN
AUSTRALIA
BRITISH

    We declare under penalty of perjury that we witness the Declarant sign the foregoing Affidavit, under no duress and of his own free will.

WITNESS 1          Date:   **7/15/2019**
Signature:

X _____

Print name: **Scott Martin**

WITNESS 2          Date:   **7/15/2019**
Signature:

X _____

Print name: **Eric Smith**

BP-A0288
JAN 17

**INCIDENT REPORT**

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

**Part I - Incident Report**

| 1. Institution:  FCC Lompoc LOW | | Incident Report Number: |
|---|---|---|
| 2. Inmate's Name:<br>GOUGHER, Marlin | 3. Register Number:<br>71150-097 | 4. Date of Incident:<br>09/09/2018 |

5. Time: 3:20 am

| 6. Place of Incident:<br>B-Dorm / D-House | 7. Assignment:<br>UNSG MD/FS | 8. Unit:<br>B |
|---|---|---|
| 9. Incident:<br>Interfering with count | 10. Prohibited Act Code(s)<br>321 | |

11. Description of Incident (Date: 09/09/2018   Time: 3:00 a.m. Staff became aware of incident):

On Sunday 09/09/2018 at 3:20 am, while conducting the 3:00 am count, Inmate GOUGHER #71150-097 had multiple sets of khaki pants/shirts hanging on foot of bunk so as to conceal himself from view, which made it impossible to properly count him without removing said clothing. I have previously spoken with GOUGHER regarding this hanging of clothing in the past week, and that further issue would warrant an incident report being written. Rules are, and have been, posted on the bulletin board on each floor addressing the proper hanging of clothing for living areas.

12. Typed Name/Signature of Reporting Employee:
C.Perez    /

COREY PEREZ    Digitally signed by COREY PEREZ
DN: c=US, o=U.S. Government, ou=Dept of Justice, ou=BOP, cn=COREY PEREZ, 0.9.2342.19200300.100.1.1=15001003237020
Date: 2018.09.09 03:54:23 -07'00'

13.Date And Time:
09/09/2018  3:45 am

14. Incident Report Delivered to Above Inmate By (Type Name/Signature):
W. Shea

15 .Date Incident Report Delivered:
9-9-18

16. Time Incident Report Delivered:
06:10 AM

**Part II - Committee Action**

17. Comments of Inmate to Committee Regarding Above Incident:

18. A. It is the finding of the committee that you:

_____ Committed the Prohibited Act as charged.
_____ Did not Commit a Prohibited Act.
_____ Committed Prohibited Act Code(s). _____  _____

B. _____ The Committee is referring the Charge(s) to the DHO for further Hearing.

C. _____ The Committee advised the inmate of its finding and of the right to file an appeal within 20 calendar days.

19. Committee Decision is Based on Specific Evidence as Follows:

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act):

21. Date and Time of Action:_____(The UDC Chairman's signature certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings).

Chairman (Typed Name/Signature)          Member (Typed Name)          Member (Typed Name)

INSTRUCTIONS: All items outside of heavy rule are for staff use only. Begin entries with the number 1 and work up. Entries not completed will be voided by staff.

Distribute: Original-Central File Record; COPY-1-DHO: COPY-2-Inmate after UDC Action; COPY 3-Inmate within 24 hours of Part I Preparation

WD                    Prescribed by P5270                    Replaces BP-A0288 of AUG 11

**Part III - Investigation**          22. Date And Time Investigation Began

# Affidavit

My name is Christine L. Stacker, I am a retired software engineer, and I live in Eugene, Oregon. Paul H. Stacker and I married September 4, 1976, and have lived together ever since, until his incarceration

On August 15, 2018, I delivered Paul to Lompoc Correctional Institute. He had with him medical papers from:

- Felicia Ferguson MD, neurologist  1) Set appointment to start a regime of Aimovig shots
                                     2) Referral for neck injections every 6 months for occipital neuralgia

- Alec Fedorov MD, orthopedic surgeon  Prescribed post rotator cuff surgery exercise with elastic bands sent with Paul.

- David Bear MD, orthopedic surgeon   Diagnosis of left thumb CMC joint primary osteoarthritis - Stage III.

Returned to me was Paul's belt at self-surrender intake. However, to date I have not received Paul's:
   - Like new 501 Jeans
   - Like new tennis shoes
   - T-shirt, underwear and socks
   - Exercise bands from physical therapist

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on July 13, 2019.

Christine L. Stacker

December 10, 2021

United States District Court

Office of the Court Clerk

RE: Motion filing.

   Enclosed please find Civil Motion request for damages documents and the associated filing fee Money Order in the requested amount of $402.00

Thank you for your time in this matter.

Paul Stacker
4425 thunderbird Street
Eugene, OR 97404

Here is my phone number in case you need a credit card payment for any additional fees of which I may not be aware.

(458) 239-1825

014725



This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020. All rights reserved.

U.S. POSTAGE PAID
PME 3-DAY
EUGENE, OR
97404
DEC 10, '21
AMOUNT
$15.50
R2305P151299-24
90012

CERTIFIED MAIL

7021 0950 0002 2529 4039

**FROM:**
PAUL STACKER
4425 THUNDERBIRD ST
EUGENE, OR 97404

RECEIVED
CLERK, U.S. DISTRICT COURT
DEC 1 3 2021
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

**TO:**
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
OFFICE OF THE CLERK
255 EAST TEMPLE STREET
RM 180
LOS ANGELES, CALIF, 90012

# UNITED STATES POSTAL SERVICE®

# PRIORITY MAIL®

PRESS FIRMLY TO SEAL

...ted delivery date specified for domestic use.

...domestic shipments include up to $50 of insurance (restrictions apply).*

...Tracking® included for domestic and many international destinations.

...d international insurance.**

...used internationally, a customs declaration form is required.

...e does not cover certain items. For details regarding claims exclusions see the
...Mail Manual at *http://pe.usps.com*.

...ternational Mail Manual at *http://pe.usps.com* for availability and limitations of coverage.

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

EP14F May 2020
OD: 12 1/2 x 9 1/2

PS00001000014