O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL H. STACKER,<br><br>  Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | Case No.: 2:21-cv-09658-MEMF-PLAx<br><br>**ORDER DENYING APPLICATION FOR DEFAULT JUDGMENT [ECF NO. 34] AND GRANTING MOTION TO SET ASIDE DEFAULT [ECF NO. 41]** |

Before the Court are the Application for Default Judgment filed by Plaintiff Paul Stacker (ECF No. 34) and the Motion to Set Aside Default filed by Defendant United States of America (ECF No. 41). For the reasons stated herein, the Court hereby DENIES the Application for Default Judgment and GRANTS the Motion to Set Aside Default.

/ / /

/ / /

1

### I. Background

#### A. Factual Background[1]

On September 12, 2018, Plaintiff Paul H. Stacker ("Stacker") suffered a fall while serving as an inmate in a correctional facility maintained by the Federal Bureau of Prisons ("BOP"). Compl. ¶ 8. Defendant United States of America ("United States") operates and controls the BOP. *Id.* ¶ 2. The night of his fall, Stacker left his bed to use the restroom. *Id.* ¶ 8. Due to the late hour, the lights were off. *Id.* As a result, Stacker was unable to see any items on the floor of his dorm. *Id.* Correctional Officer ("CO") Corey Perez regularly placed inmates' towels and other items on the correctional facility floors during the morning watch, despite being counseled multiple times by unit staff to desist. *Id.* ¶ 7. Stacker tripped and fell over items left on the floor, injuring his left hand and reinjuring his right shoulder. *Id.* ¶ 8. At the time, Stacker's shoulder was recovering from a rotator cuff tendon reattachment surgery. *Id.* Although he was initially issued a Medical Duty Status ("Chrono") for continued lower bunk status, this status expired and further requests for an extension were denied. *Id.* ¶¶ 22–25. Moreover, despite recommendations by his physical therapist to engage in physical therapy, Stacker was not permitted to possess equipment necessary for his physical therapy. *Id.* ¶ 28. In the months following his fall, the lack of accommodations led to further injuries, resulting in swelling in his left arm and increased pain in his right shoulder. *Id.* ¶ 33.

#### B. Procedural History

On December 13, 2021, Stacker filed a complaint against the United States, alleging (1) negligent or wrongful act or omission, and (2) failure to provide inmate with medication in a timely, as needed manner. *See generally* Compl. Stacker filed multiple Requests for the Clerk to Enter Default on June 1, 2022, June 16, 2022, August 13, 2022, August 28, 2022, October 9, 2022, and November 4, 2022. ECF Nos. 14, 17, 20, 23, 26, 29. The Clerk filed notices of deficiency for each request. ECF Nos. 16, 18, 21, 24, 27, 30. On August 30, 2022, the Court issued its fourth notice of deficiency, noting that the "deficiencies have not been addressed," as the proper individuals had not

---

[1] Unless otherwise indicated, the following factual background is derived from the Complaint. Complaint, ECF No. 1 ("Compl.").

been served. ECF No. 24. On September 25, 2022, Stacker filed a certified mail receipt purporting to show proof of service on the appropriate parties. ECF No. 25 ("POS"). In addition to the certified mail receipts, this filing included a picture of the summons, a non-conformed copy of a court pleading that is not otherwise visible, and an envelope addressed to the Bureau of Prisons Western Regional Office. *Id.* at 5. On October 9, 2022, Stacker filed another request for default. ECF No. 26. On October 13, 2022, the Clerk entered default as to the United States. ECF No. 28. Stacker filed a sixth request for default on November 11, 2022. ECF No. 29. The Court then entered a notice of deficiency and ordered Stacker to correct the issues. ECF No. 30–31.

On December 12, 2022, Stacker filed the instant Application for Default Judgment. ECF No. 34 ("DJ App."). On December 20, 2022, the United States filed the instant Motion to Set Aside Default. ECF No. 41 ("Set Aside DJ"). On February 3, 2023, Stacker filed an Opposition. ECF No. 45 ("Set Aside Opp'n"). The parties discussed the issue of service, after which Stacker properly served Defendant. Opp'n at 2 ("The USAO has received a conformed court copies [sic] of the Summons and Complaint, served on Monday, December 19, 2022."). On February 27, 2023, the United States filed an Answer. Answer, ECF No. 47.

The Court deemed these matters appropriate for resolution without oral argument and took them both under submission. ECF No. 51.

**II.     Applicable Law**

The Federal Rules of Civil Procedural provide that a "court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). When determining whether good cause exists to justify setting aside an entry of default, a court considers three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether the party had any meritorious defense; and (3) whether reopening the default judgment would prejudice the other party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.* Most importantly, "judgment by default is a drastic step appropriate only in extreme circumstances; a case

3

should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### III. Discussion

The United States contends that the Court should set aside default because (1) it did not engage in any culpable conduct that led to the default, (2) it has a meritorious defense, and (3) reopening the default judgment would not prejudice Stacker. Set Aside DJ, at 6–8.

**A. The United States did not engage in any culpable conduct leading to the default.**

The United States first contends that because Stacker failed to properly effectuate service of the complaint, it did not engage in any culpable conduct leading to the default. *Id.* at 6–8. Under the Federal Rules of Civil Procedure, a plaintiff is responsible for serving the summons and complaint. FED. R. CIV. P. 4(c)(1). Rule 4 further provides the following instructions for serving the United States:

> To serve the United States, a party must:
>
> (A)(i) **deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought**—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) **send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.** . . .

*Id.* 4(i).

Here, although Stacker appears to have served both the United States Attorney for the Central District of California and the Attorney General of the United States at Washington, D.C., Stacker has failed to properly effectuate service because the copy of the complaint served on both recipients was not a conformed, or filed, copy. *See* POS; *see also* Declaration of Sarah Quist, ECF No. 41-1 ("Quist Decl."), Ex. A. After receiving a copy of Stacker's deficient summons and complaint, the USAO notified Stacker of the deficiency. *Id.* ¶¶ 3–8. Stacker has since properly

served the United States, and the United States has filed an Answer. Opp'n at 2; Answer. As a result, the first factor weighs in favor of setting aside default.

### B. The United States has a meritorious defense.

The United States further contends that good cause exists to set aside the entry of default because they have a meritorious defense to the action. Set Aside DJ, at 8. The United States notes that the Federal Bureau of Prisons investigated Stacker's administrative tort claim and found no evidence of negligence. *Id.* The Ninth Circuit has recognized the "minimal nature" of the burden a party seeking to set aside entry of default must carry:

> A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. But the burden on a party seeking to vacate a default judgment is not extraordinarily heavy. All that is necessary to satisfy the "meritorious defense" requirement is to allege sufficient facts that, if true, would constitute a defense: "the question whether the factual allegation [i]s true" is not to be determined by the court when it decides the motion to set aside the default. Rather, that question "would be the subject of the later litigation."

*Signed Personal Check*, 615 F.3d at 104 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 700 (2001), *overruled on other grounds by HTP, Inc. v. First Merit Grp. Holdings, Inc.*, 244 F.3d 691 (9th Cir. 2022)).

Given the "minimal nature" of the burden required, the Court finds that the United States have sufficiently presented specific facts that would constitute a defense to Stacker's claims. The United States' allegations that the BOP investigated Stacker's administrative tort claim and found no evidence of negligence, if true, would constitute a defense to the claims against it. Whether or not these allegations are in fact true is beyond the appropriate scope of the Court's inquiry at this time. As a result, the second factor weighs in favor of setting aside default.

### C. Reopening the default judgment would not prejudice Stacker.

Lastly, the United States contends that reopening the default judgment would not prejudice Stacker. Set Aside DJ at 8. Stacker has already properly served the United States, and the United States has filed an Answer; as a result, the case may now move forward. There is no indication that

Stacker would be prejudiced if the Court were to reopen the default judgment. As a result, the third factor weighs in favor of setting aside default.

### IV. Resources for Self-Represented Litigants

Although Stacker is proceeding *pro se*, *i.e.*, without legal representation, he nonetheless is required to comply with Court orders, the Local Rules, and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.2.3. The Local Rules are available on the Court's website, http://www.cacd.uscourts.gov/court-procedures/ local-rules.

The Court cannot provide legal advice to any party, including *pro se* litigants, i.e., parties who are not represented by a lawyer. There is a free "*Pro Se* Clinic" that can provide information and guidance about many aspects of civil litigation in this Court.

- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012 (note that the clinic may not be open for in-person appointments during the pandemic). *Pro se* litigants must call or submit an on-line application to request services as follows: on-line applications can be submitted at http://prose.cacd.uscourts.gov/los-angeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/.
- The Court is also informed that the LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA 90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibrary.org, or via telephone at (213) 785-2513.

### V. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Application for Default Judgment is DENIED (ECF No. 34);
2. The Motion to Set Aside Entry of Default is GRANTED (ECF No. 41);

3. Stacker is ORDERED to effectuate proper service of the summons and complaint in compliance with FED. R. CIV. P. 4 by no later than thirty (30) days from the date of this Order.

IT IS SO ORDERED.

Dated: March 31, 2023

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge