|  |  |
|---|---|
| 1 | |
| 2 | |
| ... | |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PAUL STACKER, | No. 2:21-cv-09658-KK-RAO |
| Plaintiff, | |
| | [~~PROPOSED~~] PROTECTIVE ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This Court ORDERS that a Protective Order shall issue to permit Defendant to release confidential and sensitive photographs of the outdoor areas within the secured perimeter of the federal prison in Lompoc, California, which Defendant deems to be an appropriate subject for disclosure, for responses to discovery, and for preparation for trial and for use in trial.

Defendant is permitted to produce the prison photographs. The Protected Information shall be used by the parties, counsel, experts, consultants and witnesses only

1

for the purpose of this litigation, and not for any other purpose whatsoever.

    The Protected Information, and/or contents thereof, shall be disclosed only to:

        1.    Counsel of record for the parties;

        2.    Plaintiff, provided that he shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A;

        3.    Expert consultants/witnesses, who are retained or consulted by the parties for the purposes of providing testimony or performing other services relating to this action, provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A; or

        4.    Non-expert witnesses to this action, but only to the extent that disclosure is necessary to question a witness or prepare a witness to be questioned by another party; provided that they shall agree to be bound by the terms of this Order and shall execute a confidentiality agreement in the form attached hereto as Exhibit A. Said non-expert witnesses shall be permitted to review the Protected Information in the presence of counsel, but shall not be given a copy thereof to retain.

    All documents, pleadings, or transcripts of deposition testimony filed in this litigation, including any appeal, that contain, or disclose the contents of the Protected Information shall be submitted under seal pursuant to Local Rule 79-5 governing confidential court records.

    At the conclusion of this litigation, including any appeal taken therefrom, all originals or reproductions of the Protected Information shall be returned to Defendant's counsel within 30 days of the termination of the action, including copies provided to expert consultants/witnesses.

    This Protective Order is not intended to compromise the rights of any party to object to discovery pursuant to the Federal Rules of Civil Procedure or any other

governing authority nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter. This Protective Order permits Defendant to produce the Protected Information, but does not constitute an order requiring production.

Nothing in this Protective Order shall prohibit a party from seeking further protection of the Protected Information by stipulation among the parties, approved by the Court, or by application to the Court directly.

Nothing in this Protective Order constitutes a waiver of any party's right to seek a Court Order permitting the future use and/or production of the Protected Information.

Nothing in this Protective Order constitutes a waiver of Defendant's right to use, disclose or disseminate the Protected Information in accordance with the provisions of the Privacy Act, any applicable statutory/regulatory provisions, or BOP policies.

Neither the United States Department of Justice, including the BOP and the United States Attorney's Office, nor any of its officers, agents, employees, or attorneys, shall bear any responsibility or liability for any disclosure of the Protected Information obtained by the parties under this Protective Order, or of any information contained therein.

This Protective Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable or admissible and does not constitute any ruling on any potential objection. Other than explicitly set forth herein this Protective Order does not apply to any information or documents subject to a claim of privilege or other basis of exclusion, and this Protective Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information.

DATED: February 26, 2024

_____
HON. ROZELLA A. OLIVER
U.S. MAGISTRATE JUDGE